## Cope's and Kaine's Appeal.

1. While the opening of a judgment to let the defendant into a defence does not destroy its lien, yet if the plaintiff desires to·extend it longer than five years he must issue his scire facias to revive, as prescribed by the Act of March 26th 1827.

2. After a judgment is reversed it has no vitality to support a continuing lien; when it ceases to be a judgment it ceases to be a lien.

November 15th 1880.    Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.    SHARSWOOD, C. J., absent.

Appeal from the Court of Common Pleas of *Fayette county :* Of October and November Term 1880.    No. 317.

Appeal by Eli Cope and D. Kaine from the decree of the Court of Common Pleas of Fayette county, overruling the exceptions of the appellants, and confirming the auditor's report distributing the proceeds of the sheriff's sale of the real estate of A. E. Meason.

The facts as found by the auditor, William Parshall, Esq., were as follows:

" The fund in court for distribution arose from the sale by the · sheriff of the real estate of A. E. Meason, at the suit of Daniel Kaine and Eli Cope, on *vend. ex.*, No. 124, June Term 1876. The sale was made on the 8th of June 1876.    Mr. Kaine claims the whole of the fund on this judgment.    On the 1st of July 1867, Kaine and Cope took judgment, *sec. reg.* against Meason for $1148.13.    On the first Monday of September following the judgment was opened by the court.    The case went on the trial list, and was tried on the 21st of January 1869, and verdict for the plaintiffs for $1251.90, and on the 25th of January 1869, judgment was entered on the verdict and the judgment docket, and remains there still without any note of further proceedings.    To this judgment a writ of error was taken, and the judgment was reversed and *venire facias de novo* awarded.    ·The record was returned on the 18th of January 1870.    On the 17th of March 1870, the case was again tried, and a verdict for the plaintiffs with leave to the court to enter judgment for the defendant *non obstante*, &c.    On the 22d of September 1870, the court directed judgment to be entered for plaintiffs on payment of jury fee, and on the 23d of September judgment was entered for $500.20.    On the 5th of October a writ of error was taken, and on the 21st of January 1871, record was remitted and judgment reversed, &c.    On the 16th of March 1871, the case was again·tried, and verdict for plaintiffs for $455, with leave of the court to enter judgment for $803.63, &c.    The court held the question reserved from the 16th of March 1871, until the 24th of April 1874, when judgment was directed to be entered for $803.63, with interest from date of verdict and costs.    Judgment was entered September 7th 1874, for $803 63.    On the 24th of September 1874, another writ of error

was taken. On the 15th of March 1875, the record was returned, judgment reversed and *venire facias de novo* awarded. On the 11th of May 1875, the case was again tried, and a verdict for plaintiffs for $1851.76, and judgment entered on the verdict May 20th 1875. Each of the foregoing judgments was regularly entered on the judgment docket, and they remain there without any note of their reversal.

The several dates of these judgments may be grouped thus:

| | |
|---|---:|
| July 1st 1867, judgment for | $1148.13 |
| September 1st 1867, opened. | |
| January 25th 1869, judgment for | 1251.90 |
| January 18th 1870, reversed. | |
| September 23d 1870, judgment for | 500.00 |
| January 21st 1871, reversed. | |
| September 7th 1874, judgment for | 803.63 |
| March 15th 1875, reversed. | |
| May 20th 1875, judgment for | 1851.76 |

The foregoing statement shows that an examination of the judgment docket would have given to junior lien creditors of the defendant, Meason, as ready and complete notice of this lien or claim as a sci. fa. to revive could have done if one had been issued. Mr. Kaine insists that under the state of the case no sci. fa. could have issued, and that there was a legal necessity sufficient to take the case out of the operation of the Act of the 26th of March 1827, and cites as authority to show that such a case might exist where the lien might be preserved beyond five years without a sci. fa., the cases of Ebright *v.* The Bank, 1 Watts 399, and Fulton's Estate, 1 P. F. Smith 209, 215. If any case could exist where the facts would warrant the court in taking this case out of the operation of the act, it would be difficult to conceive one with stronger points or greater legal necessities than this. It is not necessary to determine here whether, under the circumstances of the case, a sci. fa. to continue the lien of the opened judgment could at any time have been issued. It seems that such a writ had been issued in the case of Frick's Appeal, 1 Watts 393, upon a judgment which had been opened and not then determined, and was tacitly, at least, recognised by the Supreme Court as proper. A judgment of reversal is a judgment of the Supreme Court, 2 Rawle 39. The several judgments entered on the verdicts in this case which were reversed, were no liens at any time. There is a material distinction in this respect between a judgment opened to let the defendant into a defence, and one reversed and set aside by a higher court. If such judgments before reversal were valid liens, there could have been no necessity for the Act of 1705, preserving the rights of purchasers at sheriff's sales, where the judgments on which sales were made should be afterwards reversed. It seems clear, therefore, that while the judgments

[Cope's Appeal.]

entered on the verdicts might have the effect of giving notice, they could not have the effect of a revival to continue a lien. Since the Act of the 26th of March 1827, a rule tying up the proceedings would not continue the lien longer than five years : Frick's Appeal, 1 Watts 393 ; Ebright *v.* The Bank, Id. 399. The Act of the 26th of March 1827, is explicit in declaring that no order or rule of court or any other process or proceeding thereof shall. have the effect of obviating the necessity of a scire facias to continue the lien : Styer's Appeal, 9 Harris 89. Under these authorities, even if the judgment of Kaine and Cope remained a lien after it was opened by the court, it had lost its lien on the 1st of July 1872, and was not again restored until the 20th of May 1875. In the distribution of the fund the judgment of Kaine and Cope must therefore be postponed in favor of the judgments entered prior to the latter date."

Exceptions were filed to this report which the court dismissed when this appeal was taken, it being alleged, inter alia, that the court erred in sustaining the ruling of the auditor " that the several verdicts and judgments thereon of Kaine and Cope *v.* Meason had not the effect of continuing the lien of their judgment, and in further ruling that the judgments entered on said verdicts never were liens."

*D. Kaine,* for appellants.—A scire facias could not have properly issued in this case. Hence, from the necessity of the case, the lien of the judgment of 1867 remained until the final judgment of May 5th 1875. The lien of the judgment was continued by the entry of the four subsequent judgments on the verdicts, and the entry thereof on the judgment docket. The subsequent incumbrancers had notice of the state of the record, for these were not only the first judgments standing on the judgment docket but they still remain there. The five several judgments are the same as one judgment. There is no law, rule or decision, anywhere to be found that decides that where a judgment of the court below is reversed, and a *venire de novo* awarded, the judgment on the judgment docket does not remain a lien until the new trial is had and the case is disposed of.

*L. H. Ruby,* for appellees.—The appellees claim that the judgments which were reversed were no liens, and if liens, such liens could not extend beyond the reversal of the judgments by this court. The return of the sheriff to the fi. fa., issued on the 19th day of February 1869, satisfied the judgment, and such a return, with a failure to comply with the Act of Assembly, gave no notice to the owners of subsequent judgments of the claims of the appellants to priority of lien. No legal necessity has been shown by the

[Cope's Appeal.]

appellants to warrant the court in taking this case out of the operation of the Act of 1827.

What legal necessity prevents the appellants from issuing a sci. fa., or what would have prevented the continuance of their lien until the present date? The record showed both of these judgments to be absolutely satisfied and fully discharged, and subsequent encumbrancers were without notice of the claim of the appellants to priority. They suffered a period of three years to elapse, to wit, from the 18th of March 1871, to the 27th of April 1874, without any action on their part. The judgment of the appellees was entered during that period. The appellees rely upon Styer's Appeal, 9 Harris 89, and other cases cited by the auditor, in whose report will be found the material points of this case.

The judgment of the Supreme Court was entered November 26th 1880,

Per Curiam.—It may be conceded that opening the judgment to let the defendant into a defence did not destroy the lien; that it continued for the same period of time as if it had not been opened. Here the appellant seeks to continue it longer. That cannot be. The Act of 26th March 1827, inter alia, declares "no judgment shall continue a lien on such real estate for a longer period than five years from the day on which such judgment may be entered or revived, unless revived" or scire facias issued within that period, and "no order or rule of court or any other process or proceeding thereof shall have the effect of obviating the necessity of the revival, in the manner herein prescribed, of any judgment whatever."

In the present case no scire facias issued within the five years. The order of court did not prevent the issuing thereof nor of an alias whereby the lien might have been continued: Eldred v. Hazlett's Adm'r, 2 Wright 16. The order of court did not profess to extend the lien, and would have been powerless had it so attempted. It cannot be contended, with any show of reason, that after a judgment is reversed it has any vitality to support a continuing lien. When it ceases to be a judgment it ceases to be a lien.

　　　　Decree affirmed and appeal dismissed at the costs of the
　　　　appellants.