## Paxson & Comfort Company *v.* Potter, Appellant.

*Landlord and tenant—Destruction of premises—Fire—Abatement of rent— Lease—Covenants.*

The rule that the destruction of a building by fire does not absolve the lessees from liability for rent, does not apply to a case of a demise of an apartment in a building.

In an action for the rent of one of the floors of a building, an affidavit of defense is sufficient which alleges the total destruction by fire of a portion of the building, a re-renting by the lessor of the portion of the demised premises not destroyed, an entry by the new tenants, and a failure by the lessor to furnish steam and elevator service in accordance with the covenants of the lease.

Argued Oct. 19, 1905. Appeal, No. 13, Oct. T., 1905, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1902, No. 745, making absolute rule for judgment for want of a sufficient affidavit of defense in case of The Paxson & Comfort Company v. Joseph Potter. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for rent.

The opinion of the Superior Court states the facts.

*Error assigned* was order for judgment.

*John Weaver*, for appellant.—The law of Pennsylvania, as to leases of apartments in the upper stories of buildings, is the reverse of the law as to the lease of the land with the buildings thereon erected : Camp v. Casey, 7 Pa. C. C. Rep. 160.

*J. Hibbs Buckman*, of *Hopple & Buckman*, for appellee.— Court said, "Where the contract has been substantially performed, the failure to perform comparatively unimportant items will not entirely defeat plaintiff's recovery:" Gallagher v. Sharpless, 134 Pa. 134; Prescott v. Otterstatter, 79 Pa. 462.

OPINION BY HENDERSON, J., March 12, 1906 :

The lease under which the defendant held was for the fourth floor of the buildings, Nos. 529 and 531 Arch street, and 524,

526 and 528 Cherry street in the city of Philadelphia. The plaintiff's action is for rent for one month, which became due February 26, 1902. It is alleged in the affidavit of defense that premises 526 and 528 Cherry street were totally destroyed by fire and 524 Cherry street was damaged by fire on December 27, 1901. It is also averred that the plaintiff leased so much of the demised premises as had not been destroyed to other tenants soon after the fire and that these tenants immediately took possession. It is further asserted that the defendant leased the property for the manufacture of straw goods ; that the lessor covenanted to furnish the lessee with steam power and also live steam, as required for the business and for heating the demised premises, and to provide passenger and freight elevators for the use of the lessee without other charge than the rent and that the lessor, after the fire, neglected and refused to furnish steam to operate the machinery and live steam required in the defendant's business and the use of elevators as provided for. There is no doubt that where there is a covenant to pay rent in a lease of land with a building erected thereon, the destruction of the building by fire does not absolve the lessee from liability for the rent. This rule has its foundation in the fact that the tenant is still in possession of the soil on which the building was located and that something remains to which the lease attaches. He may use the land for some purposes and may reconstruct the building. But the rule is not applicable in the case of the demise of an apartment in a building. In such a lease the tenant does not acquire a right to the possession of the land. It is impossible that the occupants of different stories of the same building could each retain possession of the soil under his apartment in the event of the destruction of the building. In such a tenancy there is no understanding, either by landlord or tenant, that an estate in the land upon which the building is erected is granted. By the destruction of the building the whole estate demised is extinguished. The thing demised is not a space in air but a portion of the building. When the building is destroyed, nothing remains which the tenant can enjoy or claim: Ainsworth v. Mt. Moriah Lodge, 172 Mass. 257 (52 N. E. Repr. 81) ; Jackson & Gross on Landlord and Tenant sec. 286 ; Graves v. Berdan, 26 N. Y. 498. The right

to rent is founded on the presumption that the tenant can enjoy the property leased during the term and where this is made impossible by the destruction of the thing which was the subject of the lease, it is reasonable that an abatement of the rent should be made. A considerable part of the premises occupied by the defendant was as completely destroyed as if swallowed by the sea, and in the last case above cited the situation of a tenant of an apartment in a building destroyed by fire was considered analogous to that of a lessee whose land had been thus washed away. This rule is consonant with reason and we think applicable to the facts as set up by the affidavit of defense.

There is a further averment that the defendant was evicted by the lessors; that the property not destroyed was leased to another tenant who went into possession. We think the averment of eviction is sufficiently set forth, due regard being had to the evident meaning of the language used.

The covenant for the use of elevators and steam, as required in the plaintiff's business, was a material part of the lease. The defendant alleged that the failure of the lessor to perform its covenant with respect thereto rendered the premises useless to him. We have then the averment of the destruction of a large part of the demised premises, a leasing by the plaintiff, after the fire, of that portion of the premises not destroyed to another tenant, who went into possession, and the refusal of the lessor to perform an important and material covenant of the lease. These averments are something more than the allegation of a failure with reference to comparatively unimportant items in the contract and entitle the defendant to a trial on the facts alleged.

The judgment is reversed and the record remitted for further proceedings.