### In re DUBOSKY.

(District Court, E. D. Pennsylvania. November 8, 1918.)

#### No. 4919.

BANKRUPTCY ⬤═192—CLAIMS—MECHANIC'S LIEN CLAIMANT—RIGHTS OF.

Where one, who had filed a mechanic's lien claim against the property of a Pennsylvania bankrupt, filed in the bankruptcy court his claim based on the same, and the property was sold free from liens long before expiration of the two years within which the Pennsylvania statute required sci. fa. to be issued, *held*, that the right of such claimant to participate in the fund representing the property will not be denied because sci. fa. was not issued.

In Bankruptcy. In the matter of Anthony Dubosky, bankrupt. Sur certificate for review of an order of the referee disallowing the claim of C. E. Christ and others. Order reversed, with directions.

See, also, 232 Fed. 380.

Arthur L. Shay, of Pottsville, Pa., for petitioner.
John B. McGurl, of Minersville, Pa., for defendant.

DICKINSON, District Judge. The question really involved in this petition for a review can be best presented through a skeleton statement of the facts. On July 7, 1913, C. E. Christ et al. filed a mechanic's claim, the lien of which reverted to an earlier date. The claim was filed against the bankrupt as owner and contractor, and if valid admittedly

had priority of lien to the judgment. which the First National Bank of Tamaqua had secured against the bankrupt. The adjudication was entered October 13, 1913, and on February 7, 1914, the real estate against which the above mechanic's claim and judgment were respectively liens was sold under proceedings divesting both liens. On June 29, 1914, application was made to the court of common pleas in which the mechanic's claim was filed to strike it from the record, on the ground that no notice of its filing had been given in accordance with the provisions of the Pennsylvania act of assembly of June 4, 1901 (P. L. 431). Distribution of the proceeds of sale was proceeded with before the referee, before whom both the mechanic's claim and the judgment were presented as entitled to share in the distribution, each claiming a priority of lien. Objection was made to the mechanic's claim as invalid, because of the fact that the record showed the failure to give notice of the filing of the claim within the time required by the act of assembly.

The referee disallowed the mechanic's claim. On a certificate for review, the order made by the referee was reversed, and the cause recommitted to him for further proceedings. The grounds for this action were that it appeared, in conjunction with the proceedings to strike off the lien, that application had been made to the court of common pleas, in the office of the prothonotary of which the mechanic's lien had been filed, to amend the record of the date of the filing of the proof of notice referred to; the averment being made that the filing date, as it appeared of record, was a clerical error of the prothonotary. The cause was remanded, in order that the parties to the proceedings before the referee might be able to present the action of the court of common pleas on the application to correct its record. That court, being satisfied the filing date was incorrect, permitted the true date to be shown by its record. The mechanic's claim was then re-presented before the referee. The record then showed a compliance with the requirements of the act of assembly, and the objection which had been made to the allowance of the mechanic's lien claim was removed.

A new objection, however, to the claim, because of another failure to comply with the requirements of the state statute, was then interposed. This was that no sci. fa. had issued within the two-year limit of time within which the statute requires that such writ should issue, and, of course, no judgment in any such proceeding had been recovered within the limit of five years, as the statute further requires. The referee found this objection to be well taken, and disallowed the claim. The order embodying this finding has been brought before us for review.

To sharply present the point of the controversy the pertinent dates already given may be restated. July 7, 1913, mechanic's claim filed, and February 7, 1914, the real estate premises against which the said lien was filed were sold. As a mechanic's lien claim is primarily, at least, a claim in rem, a very practical difficulty is thus presented. Within the two years, at any time during which a writ of sci. fa. might issue, the premises subject to the claim were sold. The sale further took place before it would be practically possible to reduce the claim

to judgment, or for a writ of sci. fa. even to issue, because no such writ of any value could issue until the status of the lien had been established.

In the proceedings in the court of common pleas to amend its record, action was not taken until after the sale. Whenever a sale takes place within the two-year period, one of two consequences flow. The mechanic's lien claimant loses because of this what is otherwise a perfectly valid claim, or he must proceed by sci. fa. proceedings to judgment. He must not only resort to this seemingly useless proceeding, but he must also, in some way, overcome the difficulty of sustaining a proceeding in rem against a rem which has been relieved of the operation of the lien which is the foundation of the whole proceeding. Assuming, for the purpose of presenting the point in mind, the proceeding to be one wholly and purely in rem, if a sci. fa. had issued, the purchaser of the property would have been served with process, or in any event would have had the right to intervene as defendant. He would, of course, have presented the defense of the divestiture of the lien. How could the plaintiff be awarded judgment? If there were no form of judgment which could be rendered under such circumstances, then we would have a law which denied to the claimant the recovery of what was due him because he had failed to secure judgment therefor, and the same law which thus punished him for not securing judgment would forbid him from getting judgment.

The referee has met the difficult situation thus presented by taking his stand upon the absolute declaration of the statute that the claim shall be "wholly lost" unless the sci. fa. issues and judgment is recovered, and sought to dispose of one of the obstacles in the way of the issuing of the writ by citing Mesta Mach. Co. v. Dunbar Furnace Co., 250 Pa. 472, 95 Atl. 585, in which a sci. fa. issued after bankruptcy with notice to the trustee, and supports his view of the unyielding character of the statutory requirement by citing the cases of Sterling Bronze Co. v. Syria Imp. Ass'n, 226 Pa. 475, 75 Atl. 668, and Philadelphia v. Sciple, 31 Pa. Super. Ct. 64, to which are added Hunter v. Lanning, 76 Pa. 25, Philadelphia v. Kelly, 63 Pa. Super. Ct. 133, and Kountz v. Consolidated Ice Co., 36 Pa. Super. Ct. 639. Reference is also made to the cases of Ward v. Patterson, 46 Pa. 372, Hershey v. Shenk, 58 Pa. 382, Hoole v. Cox, 21 Pa. Dist. R. 118, Kittanning Ins. Co. v. Scott, 101 Pa. 449, and Cope's Appeal, 96 Pa. 294.

These cases fully support the referee in the proposition for which he cites them. The proposition is in substance that a failure either to issue the sci. fa. or to secure judgment cannot be excused because of interposed delays, even if it be true that the delays were in large part at least "the law's delays."

It is to be observed, however, that in every one of the cases cited there was no legal impossibility interposed as an obstacle to the issuing of the sci. fa. or the recovery of a judgment. It is further to be observed that in the instant case, however, such impossibility does exist, unless we read into the act a contraction of the time from two years and five years to the seven months which intervened between the filing of the lien and the sale of the premises, or we must hold pro-

ceedings against the rem might go on to judgment after the lien was gone. We assume there is no justification for the requirement that either a sci. fa. should have issued or a judgment have been recovered within the seven months. If the sci. fa. proceeding, therefore, be, as before stated, a proceeding wholly in rem, then a compliance with the requirements of the act was a legal impossibility, unless it can be held that the claimant can pursue the rem after it had been relieved of the lien of his claim.

Counsel for the bank, in supporting the findings of the referee, asserts that the mechanic's lien claim can be upheld only by a finding either that the failure to comply with the act was excused because of the error of the prothonotary in entering upon his record the date when proof of notice was filed, or that the time which was lost in the correction of this error should be excluded. This way of meeting the real question involved would seem to merely evade it.

If the learned referee was misled into taking this view of the question really presented, he was clearly right in disposing of it as he did, because the rulings which he cites lay down the principle that neither of the excuses indicated will avail a mechanic's lien claimant. It does not seem to us, however, that the two subsidiary questions thus put by counsel present the real question. This is, as before indicated, whether a mechanic's lien claimant can be found to have been guilty of a default, because of his failure to do a thing which it is a legal impossibility to do.

The general proposition of law upon which the argument proceeds, to wit, that the rights of a mechanic's lien claimant are purely statutory, and because of this hedged about by all the limitations and conditions imposed by statute, is well sustained by any one of the long list of cases cited. The question recurs, however, whether, when a claimant has a valid claim, which has been created by and of course recognized by the law, he shall lose it because of his failure to do something which it is impossible to do, and whether the meaning that he shall lose it can be found in the act of assembly, or whether proof before the court making distribution of the fund is not the legal equivalent of sci. fa. and judgment.

In the very clear argument which counsel has presented, the case of Howes Brothers' Appeal, 9 Pa. Super. Ct. 586, is cited as the only exception to the line of cases before referred to known to counsel. This exception, however, is very suggestive of making an exception also of the instant case, not so much on its facts as on the line of reasoning adopted by the court. In that case, no judgment had been recovered within five years, but inasmuch as the claimant had secured a verdict, and because, by virtue of the provisions of the act of 1877 (P. L. 34) that verdict, although not a judgment, was a lien, the court permitted the plaintiff to recover by entering judgment upon the verdict. The ruling might have been upheld upon the phraseology of the act of 1901, which is in the alternative of a verdict recovered or judgment entered; but it is significant that the ruling is not put upon this ground, but upon the ground that a claim is not "wholly lost" which is within the act of 1877.

The learned counsel for petitioning creditor plants the right of his client to share in this distribution upon the proposition which, for the purpose of presenting it, may be recast in the following mold:

If there had been no error in the record, distribution would have been made well within the two-year period; the validity of the claim being then not otherwise questioned. The amendment of the record relates back to the time when that record was made, and therefore the lien was then a valid lien, and entitled to participate in the distribution. It is therefore the same as if the lien had been presented at the time it was presented, together with the record as amended, and, as the evidence had been closed, no subsequent happenings could affect the rights of the claimant, which had then become fixed in his right to share in the fund for distribution. This view is forcibly presented, but as presented it seems to be too refined for acceptance, because it rests in effect upon the doctrine that the claimant should not be penalized for the "law's delays." It would seem, on the contrary, that the consequences of these delays are to be borne by him. Substantially the same argument, however, so far as it is acceptable, is embraced in the broad view that the claimant, having filed his claim, thereby secured a lien upon the land, which was transferred to the fund, and upon proof of his claim had the right to share in the fund, because of such lien, without waiting to secure a formal judgment upon his lien, even had he had the right to secure one.

The common sense of this view is enforced by the practical consequences of holding otherwise. Where there is a fund which in other respects is ripe for distribution, and mechanics' claims against it are presented, and their validity is undisputed, must the distribution of the fund be withheld until the claimants go into another court to secure judgment, assuming, for the sake of the argument, that such judgment could be secured? Suppose, for further illustration of the practical difficulties, there should be a dispute over the justness of the claim made with respect, for instance, to the amount due, and the court making the distribution felt bound to find under the evidence that a certain sum was due. Must it refer this question to another tribunal which might make a different finding? The answer would seem to be that the court having jurisdiction of the fund, and having through it jurisdiction of all claimants upon that fund, may proceed to make distribution without waiting upon the action of any other court. If this proposition adequately presented the question before us, the question would, we think, not be raised. It, however, does not, for the reason that one of the findings involved, and which must be made, is that this claimant has a valid claim upon the fund, and he has no such claim unless he has a valid lien, and how can the lien be valid if, in the words of the Pennsylvania statute, it has been "wholly lost?"

This brings us back to the real question in the case, which is whether there was any legal necessity to issue a sci. fa. and to secure a judgment after the lien had been divested by the sale, and whether by the failure to do this the lien was lost? One aspect of the question, it seems to us, is presented in the line of cases which deal with the proposition of whether a judgment creditor, whose judgment has been

divested by a sheriff's sale, is bound to revive his judgment at the cost of losing his claim upon the fund if he does not do so before actual distribution.

The doctrine of these cases is that, under the provisions of the acts of assembly relating to judgments and debts which are liens against the real estate of a decedent, creditors cannot participate in a fund for distribution unless their claims were at the time of sale liens against the real estate, the proceeds of the sale of which is being distributed. This carries the implication that, if then liens, they may participate, and do not lose their right, because, if the land had not been sold, they would have lost their lien against it by a failure to issue a sci. fa. In re Cake's Estate, 157 Pa. 457, 27 Atl. 773.

The analogy, we admit, is by no means complete, and not even close; but it is suggestive of thoughts, some of which are helpful and others controlling. One of them is that a creditor claimant in a bankruptcy court has the status (through the title of the trustee) of an owner, and as such has an interest in the fund for distribution, which is fixed as of the date of the vesting of that title. The same doctrine applies, generally speaking, to all proceedings dealing with claimants to a fund. Another is, and this, if sound, is controlling, that the proof of a claim which a court is distributing is the legal equivalent of a formal action brought and judgment recovered. This it ordinarily undoubtedly is. Why should such a case as the instant one be regarded as an exception to the general rule?

In Bindley's Appeal, 69 Pa. 295, such proofs before an auditor were, for the obvious reasons there so clearly pointed out, held not to be the legal equivalent of the sci. fa. proceedings required to enable a creditor of the ancestor to follow real estate into the hands of the heirs. The judgment in that case was delivered by a father of the law, whose expressed opinions of what the law was would be accepted as authoritative. We would not only hesitate; we would not presume to differ with him. It is clear, however, that he regarded the condition with which he was dealing to be an exception to the general rule. We have a like high regard for the judge who wrote the opinion in Howes' Appeal, supra. There, again, however, as we read that opinion, we find ourselves in accord, and not in conflict, with the view there expressed. There the act of 1877 was deemed to be a permit to disregard the words of the act of 1901. The recognized principles governing the distributions of a fund we regard as the grant of a like permission.

The line of reasoning followed by Judge Rice is that, in imposing conditions upon the grant of the right given to mechanic's lien creditors, we must assume the Legislature to have had in mind all the difficulties in the way of a compliance with those conditions. Noncompliance with the conditions, therefore, cannot be excused by writing into them something which is not there. When the Legislature, however, by another act (in Howes' Appeal, the act of 1877), has excused strict compliance in certain situations, noncompliance may not be an obstacle to the assertion of the right.

The practice of courts in distributing funds may make another or like exception, and the instant case is thus brought within the doctrine

of Howes' Appeal. So, in the Bindley Case, the doctrine is recognized that proof of a claim in any court (and of course, or even a fortiori in bankruptcy cases) is accepted as the equivalent of scire facias, or other writ of summons, verdict, and judgment, although it is also there held not to apply to the fact situation presented in the case.

This leaves us at full freedom to apply the approved doctrine in the instant case. That this is universally done in practice argues for the soundness of the principle. In the distribution of funds, raised by sheriff's sales or otherwise, if the lands sold were at the time of the sale subject to mechanics' or other claims, allowance is always made upon proof of the claims. The very point involved here was presented and passed upon in Re Falls City Shirt Mfg. Co. (D. C.) 98 Fed. 593, and discussed at page 594 of the report of the case.

The view taken of the legal merits of the claim, which the referee disallowed, has been presented with great fullness, because this aspect of the question before the referee does not appear to have been presented to him, or, at least, has not been discussed in the very clearly reasoned report which he has made. This aspect of the question was, however, fully discussed at the argument before us, and no suggestion made of anything to be gained by recommitting the cause to the referee. We would have valued the aid which a discussion by him would have given us, but dispose of it as the question is presented to us.

This calls for the allowance of the petition for review, and the reversal of the order made by the referee, with instructions to further proceed with the cause in accordance with this opinion.

It is therefore so ordered.