## Heller v. Goldsmith.

*Samuel Levin,* for plaintiff.

*Samuel Handler* and *Wickersham & Wickersham,* for defendant.

HARGEST, P. J., June 30, 1930.—The plaintiff filed a præcipe for judgment by virtue of a supposed authority given in a lease for certain premises in the Borough of Steelton, which lease was dated Sept. 14, 1922, and was for a term of one year, with a privilege of renewal. Execution was issued thereon. On Feb. 27, 1924, petitions were filed, upon which rules were granted; one to show cause why judgment should not be stricken off, and the other, to show cause why it should not be opened. These rules were duly answered. The case was put on the argument list at the June Term, 1925, and, again,

at the October Term, 1928, and continued both times. An attachment execution was issued Feb. 3, 1930, attaching moneys in the hands of certain fire insurance companies, purporting to be due defendant, to which an answer was filed Feb. 21, 1930. On Feb. 6, 1930, a petition was filed to dissolve the attachment execution, and on Feb. 25, 1930, a petition was filed to *non pros.* the proceedings to open and strike off the judgment. Rules were granted on these last two petitions and answers filed thereto.

### Petition for non pros.

From the answer to the petition for *non pros.*, it appears that both parties agreed Feb. 10, 1930, to take depositions for the purpose of disposing of the issues raised by the petition to open judgment. It also appears that the two continuances, when the case appeared upon the argument list, were made by agreement, and that the main cause for delay in disposing of the case was the death of the plaintiff's attorney, William H. Sponsler.

There is no doubt that a petition to open judgment should be pursued by the taking of depositions promptly after a responsive answer is filed: Ditchfield *v.* Bernhard, 11 Lehigh Co. L. J. 6. In the case just cited, it was held that a delay of ninety days was laches, and in Boroskie *v.* Boroskie, 24 Luzerne Legal Reg. 539, it was held that three years' delay was too long. When inexcusable laches clearly appears, it is the duty of the court to *non pros.* the proceedings to open a judgment: Biles *v.* Harper, 1 Pa. C. C. Reps. 666; Weierbach *v.* Strauss, 20 Northamp. Co. Repr. 322.

The question of granting a *non pros.*, however, on account of laches, is addressed to the discretion of the court: Potter Title and Trust Co. *v.* Frank, 298 Pa. 137. In the case just cited, it is held:

"Laches does not depend upon the statute of limitations, but, as a general rule, a case should be *non prossed* unless brought to trial within six years from its inception, but this does not apply where the delay results from other than the plaintiff's default.

"Defendants in a case are not bound to force the issue; plaintiff is the actor, and it is his duty to bring on the trial. . . .

"Where defendant takes steps looking to a trial, it constitutes a waiver of the laches."

As to these rules, the defendant is the actor and, therefore, should have moved. The matter was on the argument list in June, 1925, and October, 1928, and continued by agreement. The principal cause for the delay was the death of the attorney for the plaintiff, and the plaintiff, when she could have stood upon her rights to *non pros.*, entered into an agreement to take depositions, and only filed the petition for a *non pros.* of these proceedings after the defendant had filed a petition for the dissolution of the attachment execution, which she had caused to issue. Moreover, one of these petitions is to *non pros.* the proceeding to strike off the judgment. Such a proceeding stands upon a footing somewhat different than the proceeding to open the judgment. The proceeding to open involves facts. Witnesses may die or the parties may be otherwise put to a disadvantage by delaying the proceedings to open a judgment which depends upon proper presentation of evidence and findings of fact. The proceeding to strike off a judgment, which must be determined upon the face of the record, is quite different. An examination of the right to *non pros.* the proceedings to have the judgment opened may disclose the validity or the invalidity of the judgment itself. We think that under all the circumstances we cannot *non pros.* the proceeding to strike off this judgment, and, therefore, it would be of no avail to *non pros.* the proceedings to open it.

### Rule to strike off the judgment.

The authority contained in the lease filed with the præcipe upon which this judgment was entered provides:

"The prothonotary or any attorney of any court of record of Pennsylvania is hereby authorized to appear for and confess a judgment against the said party of the second part and in favor of the said party of the first part for the whole amount of said rent as hereinbefore set forth."

The rent reserved was $540 for the first year, with the privilege of renewal at a monthly rental of $50, and the lease provides that "if the said party of the second part shall continue in possession of the said premises after the expiration of said term, at the option of the said party of the first part, such holding over may be held and deemed a renewal of this agreement for another like term, the same as though a new agreement of leasing, identical with this, had been executed and delivered by the said parties hereto for a succeeding term." The præcipe was signed "W. H. Sponsler, Attorney for Plaintiff," and directed the prothonotary to "enter judgment by virtue of the authority contained in the lease hereto attached and filed herewith . . . for the sum of $450, with interest from the first day of January, 1924, as per the following statement of the amount due, verified by affidavit hereto attached: Total rent from 1st October, 1930, to 30th September, 1924, $600; paid on same, rent for the following months at $50 per month, to wit, October, November and December, $150; balance due as per lease $450."

It is argued that this judgment was unlawfully entered, because it was entered after the original term had expired, but we do not predicate our decision on that ground.

The authority is to appear for the party of the second part, who was Abe Goldsmith, and confess a judgment against him, but the attorney appeared for the plaintiff.

The authority clearly is to confess a judgment for the whole amount of rent for the term. But the attorney in his præcipe attempted to liquidate the amount. In Whitney v. Hopkins, 135 Pa. 246, it is held:

"Where the amount due cannot be ascertained from the face of an instrument containing a confession of judgment or a warrant of attorney therefor, the prothonotary cannot enter judgment upon it."

In Snook v. Tisdell, 24 Dist. R. 1064, judgment was entered for $2082.92 upon a bond in the penal sum of $5000 conditioned for the payment of $2500. The court said:

"The trouble with the judgment is that it rests upon nothing but the mere say-so of one avowedly acting as plaintiff's attorney. That is in law one thing; a confession of judgment by an agent in the exercise of a power to act for defendant is quite another thing; and that is the only way a summary judgment could be entered 'according to the tenor and effect' of this bond.

"Again, conceding that one and the same counsel can appear and act as attorney for both parties, the least that can be said is that he must conform strictly to the terms of his authority. Here the authority was limited to the confession of judgment for the penal sum and did not pretend to authorize the attorney to liquidate the damages. It follows that the judgment is bad both in form and substance."

See, also, Industrial Thrift and Loan Corp. v. Jedoresce, 30 Lacka. Jurist, 178.

It, therefore, appears that the judgment in the instant case was illegally entered, and the motion to strike it off must prevail.

## Motion to open judgment.

Perhaps, in view of the fact that we have sustained the motion to strike off the judgment, it is not necessary to say anything about the motion to open it, but not only are the technicalities with the defendant, but the merits of the case are also with him. Among other things, the lease provided that the premises should be surrendered at the expiration of the term "in like repair and condition, natural wear and damages happening by fire, storm and other casualties only excepted." The lease was for a part of the first floor, consisting of one store room, and one apartment on the second floor. There are two store rooms and two apartments in the building. A fire destroyed the premises Oct. 20, 1923. The defendant, upon the promise of plaintiff landlady that she would restore the building, paid two months' rent after the fire in order to hold his tenancy. She refused to restore, and, after notice to her that the building was in an untenantable condition, he moved. Neither under the terms of the lease nor the general principles of the law was the tenant bound to restore. In Moving Picture Co. v. Scottish U. & N. Ins. Co., 244 Pa. 358, 363, it is held:

"In case of a demise of an apartment in a building, where no implication arises that by the demise any estate in the land was granted, the whole estate demised is extinguished with the destruction of the building, and the tenant's liability for rent thereon ceases."

See, also, Paxson & Comfort Co. v. Potter, 30 Pa. Superior Ct. 615.

We think the same rule applies to a part of the ground floor of a building which is used both for stores and for apartments. In such a case the tenant of one store room would not have a right, as against the other tenants and the landlord, to rebuild the store, particularly if such rebuilding of the store might interfere with the easements or other rights of the landlord or tenants. In such a case, we are of opinion that the tenant acquires no more right to the possession of the land for purposes of rebuilding than the tenant of an apartment immediately above him. It, therefore, appears that on the merits of the case, apart from the question of laches and even though both parties might have been guilty of some laches, the tenant was entitled to have this judgment opened.

## Petition to dissolve attachment execution.

Here, again, we perhaps might rest our judgment on sustaining the petition to strike off the judgment, but, inasmuch as the attachment execution was issued while the judgment was apparently in full force, we will consider the legal phases of that proceeding. In the rule granted Feb. 27, 1924, upon the petition to strike off the judgment, "it is further ordered that the execution issued on said judgment be stayed, pending the determination of the rule and lien of levy to remain meanwhile," and in the rule based upon the petition to open the judgment, it is directed that "all proceedings be stayed in the meantime until the further order of the court." Without obtaining any allowance from the court, the attachment execution was issued Feb. 3, 1930, and a petition to dissolve it was presented Feb. 6, 1930.

An attachment execution is in substance, if not in form, an execution: Wray v. Tammany, 13 Pa. 394; Ellwanger v. Moore, 206 Pa. 234, 240. The opening of a judgment does not destroy its lien: Cope's Appeal, 96 Pa. 294. The judgment does not lose its status by being opened. It is still a lien. A levy made on an execution outstanding thereon also retains its lien and the court may authorize an execution to issue on an open judgment: Markofski v. Yanks, 297 Pa. 74; Kittanning Ins. Co. v. Scott, 101 Pa. 449. Notwithstanding the judgment in this case was not opened, it has, at least, all the

incidents of an open judgment so far as the plaintiff's rights are concerned. Yet the plaintiff did not have the right, in the face of the plain order staying proceedings "until the further order of the court" and staying in terms the execution then issued, to issue, without allowance, an attachment execution. By causing an attachment execution to issue, in defiance of the order of the court, the plaintiff, in effect, set that order aside. Her duty was to first obtain a modification or revocation of the order made in 1924. Whatever our conclusion would have been on the rules to strike off and open this judgment, the petition to dissolve the attachment execution would necessarily have to be sustained: Levy v. Kline, 2 W. N. C. 630.

Now, June 30, 1930, the rule to strike off the judgment issued Feb. 27, 1924, is hereby made absolute, the judgment in the above stated case is hereby stricken off and the execution is dissolved.

From Homer L. Kreider, Harrisburg, Pa.