## CUTLER–HAMMER, Inc., v. WAYNE.
### No. 8951.

Circuit Court of Appeals, Fifth Circuit.

Feb. 15, 1939.

E. Harold Sheats and Edwin M. Pearce, both of Atlanta, Ga., for appellant.

A. S. Clay, of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant is one of a number of materialmen and laborers who, before the bankruptcy of Clare & Company, furnished it, as contractor, material and labor for use on a building job. Bankruptcy supervening before the job was finished, and there being ample funds to complete it, the trustee finished the job. On its completion, the owner, under an agreement with the trustee, the lien claimants and all others concerned, that he and his building should be released, and that all the claims should

be transferred to and made against the deposited funds, deposited in the bankruptcy court the balance of the purchase price, a sum sufficient to pay all lien claims in full. Appellant and others, in accordance with the agreement, duly claimed, on statutory and equitable grounds, liens on the deposited funds.

Appellee opposed their allowance on the ground that, dependent for their validity upon strict compliance with the Georgia lien statutes, Secs. 67-2001, 67-2002,[1] the third requirement of which was the commencement of an action for the recovery of the amount of their claims within twelve months from the time the same became due, the claims to liens were invalid because claimants had not commenced such action, and bankruptcy having supervened, they could not now do so.

Replying, appellant and the other claimants urged that the statutory provision for commencing an action is for the benefit and security of the owner, and that when, as here, he has deposited the contract price in the bankruptcy court under an agreement that he and his building should be released and the deposited funds should be claimed against in lieu of his building and himself, he has given to the filing of claims against the deposit in the bankruptcy court the effect of a suit against the contractor, or at least, by consenting to and arranging for that procedure, he has waived the requirement of such suit.

They urged, too, that upon equitable considerations the funds should be applied to the satisfaction of their lien claims, for the moneys deposited as the balance due under the contract stood in lieu of the building, created by their labor and material, and in equity, belonged to them.

Submitted to the Referee on a stipulation showing; that the lien claimants had complied with the Georgia statutes except

as to the commencement of suit against the contractor; that the amount deposited represented the unpaid balance of the contract price; and that it was sufficient to pay the lien claimants in full, there was a finding and order in favor of claimants.

On petition to review, the order was reversed, the District Judge holding; that the lien was statutory; that the statute provided as one of the essentials to a lien, that suit be commenced; and that bankruptcy having supervened, so that no suit could now be maintained, the claims to liens fell, and the moneys deposited by the owner came into the bankuptcy court as general assets, of the bankrupt, free of liens. He based this opinion upon a construction of the Georgia statutes in the light of these Georgia decisions: Griffin Bros. v. Gainesville Iron Works, 144 Ga. 840, 88 S.E. 201; Lombard v. Trustees, 73 Ga. 322, 324; Philip Carey Mfg. Co. v. Viaduct Place, 1 Ga.App. 707, 58 S.E. 274, and Pike Bros. Lumber Co. v. Mitchell, 132 Ga. 675, 64 S. E. 998, 26 L.R.A.,N.S., 409.

By agreement, appellant's claim was selected for appeal as typical of all the claims, its appeal to be determinative of them all. Here, the same contentions are made as were made below, the same arguments are advanced.

Appellee insists that the Referee was right in the view he took that the Georgia decisions the trustee relies upon merely hold that the provision for suit against the contractor is one for the owner's protection and benefit, and that he may insist strictly upon compliance with it. They do not hold that where the owner is not injured, he may not waive such suit.

Appellee insists that the District Judge was right in his construction of them as holding that the bankruptcy of the contractor, by making it impossible for the lien claimants to commence suit against

---

[1] Section 67-2001 of the Code of Georgia of 1933 provides: " * * * all contractors, materialmen, and persons furnishing material for the improvement of real estate * * * shall each have a special lien on such real estate, factories, or railroads."

Section 67-2002: "To make good the liens specified in section 67-2001, they must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective, viz.:

"1. A substantial compliance by the party claiming the lien with his contract

for building, repairing or improving or for materials or machinery furnished or set up, as set forth in said section.

"2. The recording of his claim of lien within three months after the completion of the work, or within three months after such material or machinery is furnished, in the office of the clerk of the superior court of the county where such property is situated. * * *

"3. The commencement of an action for the recovery of the amount of his claim within 12 months from the time the same shall become due."

him, completely destroys the inchoate liens of laborers and materialmen who have not sued before bankruptcy.

We agree with appellant. Both of the cases appellee relies on were made expressly to turn on an injury to the property owner resulting from permitting liens to be fixed against his property after the contractor's bankruptcy. In neither of them was the question, we have here, decided or discussed. That question is simply whether, when the unpaid balance of the contract price is sufficient to discharge all lien claims, and it is deposited in the bankruptcy court by the owner for that purpose, the trustee can claim the fund for the general creditors, free of liens. On the face of it, such a decision would, we think, not be a reasonable one. It is, we think, opposed to the authorities, both in Georgia and elsewhere.

The purpose of the lien statutes in every state is, in substance, the same; this is, to give the furnisher of labor and material a claim upon the owner, to compel him at his peril to withhold final payment until he has received assurance from the contractor that he has paid all material and labor claims, which are or which may be perfected into liens. Bankruptcy does not discharge valid liens any more when, though inchoate and in the process of completion, they are in good standing when bankruptcy comes, than when every required step has already been taken. When it supervenes, it does not take from laborers and materialmen funds devoted to their claims, to appropriate them to the general creditors, merely because some step in the procedure, which there is still time to take, has not been taken. c/f Bell v. Dawson Grocery Co., 120 Ga. 628, 48 S.E. 150; Robinson v. Reese, 175 Ga. 574, 583, 165 S.E. 744; McCall v. Herring, 116 Ga. 235, 42 S.E. 468; Middle Georgia Lumber Co. v. Hunt, 53 Ga.App. 578, 186 S.E. 714.

We think the authorities do not admit of any other view than that, when, as here, the owner deposits in the bankruptcy court the unexpended balance of the contract price, he deposits it to the extent necessary to discharge the liens, not as money of the estate, but as money of the lien claimants. 8 Corpus Juris Secundum, Bankruptcy, § 243c, p. 894; Perry v. Wood, 5 Cir., 63 F.2d 257; In re Mill Iron Construction Co., D.C., 56 F.2d 248; In re Purvis, D.C., 293 F. 102; In re Dubosky, D.C., 253 F. 794; New York-Brooklyn Fuel Corp. v. Fuller,

2 Cir., 11 F.2d 802; Eggleston v. Birmingham Purchasing Co., 5 Cir., 15 F.2d 529.

The judgment is reversed, and the cause is remanded, with directions to allow the lien claims.

Reversed and remanded.