**W. L. STONE, Trustee,**
v.
**Charles L. MONDIE et al.**
**Civ. No. 6928.**

United States District Court,
W. D. Oklahoma.
Nov. 21, 1957.

Shapard & McConnell, Oklahoma City, Okl., for plaintiff.

DeWayne Hays and Hanson & Green, Oklahoma City, Okl., for defendants.

WALLACE, District Judge.

Plaintiff, W. L. Stone, as trustee in bankruptcy of Horace T. Laird, bankrupt, brings this action against defendants, Leonhardt Lumber Company and Mr. and Mrs. Charles L. Mondie, to recover certain monies allegedly owed the bankrupt estate.

Plaintiff's claim arises out of a building contract between Laird, the bankrupt, and Mr. and Mrs. Mondie, dated October 11, 1954, wherein Laird, a builder, agreed to construct for the Mondies a dwelling and garage, according to agreed upon plans and specifications, for a sum certain. The total contract price, including extras, was $9,306.

In the latter part of November, 1954, Mondie learned from one T. J. Bailey, the general creditor primarily interested in this action, that Laird's financial condition was unstable. Thereafter, Mondie refused to pay money to Laird, but directly paid the various subcontractors, laborers and suppliers; the total amount so paid was $8,207.50. The only money paid to Laird was $887.50 on November 19, 1954, for Laird's direct pay roll on the job up to that date.

Thus, Mondie paid out an overall sum which was within $210.96 of the total contract price.

Plaintiff urges that defendant Leonhardt is liable to the estate for the $4,610.67 it received from Mondie, inasmuch as this money was obtained at a time when Leonhardt knew of Laird's insolvency. And, plaintiff asserts that Mondie is personally liable to the bankrupt estate for the remaining money he paid to laborers and materialmen, inasmuch as Mondie knew of Laird's insolvent condition, had received a garnishment touching funds of Laird in Mondie's hands, and paid out such sums in violation of the Referee's order of January 21, 1955, for the Mondies to "hold all funds for the benefit of the trustee in bankruptcy."

Unquestionably, the more orthodox route open to Mondie was to pay into the bankruptcy court the money owed on his house and garage; at such time he could have received assurance that all lien claims would be deemed released However, Mondie's action, in paying the laborers and materialmen directly, resulted in no prejudice to the instant bankrupt estate, and gives no right to the trustee to recover from either the Mondies or Leonhardt.

A trustee in bankruptcy acquires no better title than that held by the bankrupt himself. United States v. Sampsell, 9 Cir., 1946, 153 F.2d 731, 735. Moreover, state law governs in determining what property belongs to the bankrupt and touching the existence and priority of liens. Seymour v. Wildgen, 10 Cir., 1943, 137 F.2d 160.

42 O.S.1951 § 143 provides in part: "* * * The risk of all payments made to the original contractor shall be upon such owner until the expiration of the sixty days herein specified, and no owner shall be liable to an action by such contractor until the expiration of said sixty days, *and such owner may pay such subcontractor the amount due him from such contractor for such labor and material, and the amount so paid shall be held and deemed a payment of said amount to the original contractor.*" (Emphasis supplied.) Therefore, Mondie was entitled to protect his property from the lien claims in question by direct payment. Cf. Jackson v. Flohr & Co., 9 Cir., 1955, 227 F.2d 607, 610.

The Oklahoma law also holds that a materialman's lien is in effect as soon as the material is furnished. Fleharty & Company v. National Loan & Investment Co., 1923, 89 Okl. 292, 215 P. 744. And, inasmuch as Mondie made the controverted payments within the time wherein the liens could have been perfected, he is entitled to assert that such monies were paid to lienholders. See Cutler-Hammer, Inc., v. Wayne, 5 Cir., 1939, 101 F.2d 823 wherein the court ruled that supervening bankruptcy did not destroy the liens merely because certain procedural steps remained, under the Georgia law. Like Oklahoma, the Georgia owner pays the contractor at his own risk insofar as labor and material liens are concerned. Cf. O'Dell v. City of Detroit, D.C.Mich.1947, 75 F. Supp. 443, wherein it was rule that statutory liens for taxes are valid against a bankruptcy trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the bankruptcy petition; and, United States v. Sampsell, supra, 153 F.2d at page 735, wherein it was stated that a lien does not have to be a specific or perfected lien to come within the protection of § 67 of the Bankruptcy Act [11 U.S.C.A. § 107] and that "There is nothing new in the principle that a statutory lien need not be perfected."

If the funds in question, owed the respective lienholders, had been paid into court, the referee would have delivered such funds to the respective laborers and materialmen. Technically, the money would not have been considered that of the bankrupt estate but as money of the lien claimants. And, the trustee could not successfully claim such funds for general creditors. Cutler-Hammer, Inc., v. Wayne, supra, 101 F.2d at page 825.

The trustee cannot urge unfair preference where the complained of payments in reality did not come from the bankrupt's assets thereby diminishing the estate. Cf. Jackson v. Flohr, supra, 227 F.2d at page 610. And, clearly, no unfair advantage was gained by the instant lienholder creditors whereby they obtained a greater percentage of their debts than some other creditor of the same class.

Within ten days, counsel should submit findings of fact, conclusions of law and journal entry of judgment, which conform with this opinion.