## In re JONES.
## No. 2833.

District Court, E. D. Texas, Tyler Division.
May 30, 1930.

Geo. W. Gibson, of Jacksonville, Tex., for bankrupt.

Fred J. Dudley, of Dallas, Tex., for creditors.

ESTES, District Judge.

On November 1, 1929, S. F. Jones was, upon his own petition, adjudged a bankrupt. The receiver subsequently placed in charge of the assets found that on October 21st preceding, certain goods belonging to the stock of the bankrupt had been seized by a writ of attachment out of a justice court of Dallas county in connection with a suit wherein A. Q. Nance, the petitioner herein, was plaintiff, and the bankrupt was defendant.

The referee, in his certificate, states that "the constable had levied upon certain goods enumerated in the petition, but had not taken possession of the goods, but the same were in the building in which the said S. F. Jones conducted his business, and the keys to said building were in the possession of said S. F. Jones and were delivered by him to the receiver; that the goods levied upon by said constable were intermingled with and a part of the stock of merchandise set forth in the schedule filed by the bankrupt; that the receiver, acting upon the orders of myself as referee, obtained the keys from the bankrupt and took possession of said goods, wares, and merchandise; that the receiver did not communicate with or see the constable and made no demand upon him for said goods; that the trustee subsequently elected gave notice of the sale of stock. As soon as the merchandise was taken possession of by the receiver, A. Q. Nance, plaintiff in said Justice Court suit, filed a petition on which the order complained of is based."

The petition itself is not among the papers sent to this court by the referee, but it is obvious that its purpose was to have the trustee surrender the goods involved, on the theory that the bankrupt was not insolvent at the time the petition in bankruptcy was filed, and that the goods in question were in the possession of the constable by virtue of the writ of attachment referred to, in connection with which suit judgment foreclosing the attachment lien was afterward rendered in the justice court.

From the foregoing it is apparent that the controversy is one arising under subdivision f of section 67 of the Bankruptcy Act (11 USCA § 107 (f), and has to do with whether the attachment lien should be declared void. The pleadings demonstrate that the determination of that question presents issues of fact relating to the actual possession of the property and to the solvency of the bankrupt at the time the petition in bankruptcy was filed. These are judicial questions, to the determination of which by the referee the petitioner, because of his demand for the surrender of the goods and his challenge to the referee's jurisdiction, may be said to have withheld his consent.

If the property was in the possession of the constable, it is well established that it could not be taken from him by the trustee through summary order. String v. Birkhahn (C. C. A.) 30 F.(2d) 495; Taubel, etc., Co. v. Fox, 264 U. S. 429, 44 S. Ct. 396, 398, 28 L. Ed. 770. Or if the bankrupt was solvent when the petition was filed, the statute would not apply. Taubel, etc., Co. v. Fox, supra. The referee would have no jurisdiction, in that state of affairs, except by consent, to settle such adverse claims.

It is also true, on the other hand, that if the property is in the possession of the trustee, and the bankrupt was insolvent when the petition was filed, the court would have jurisdiction, by summary proceeding, to dispose of the matter (Murphy v. Hofman Co., 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327); and the court had the power to determine whether it has jurisdiction to proceed (Taubel, etc., Co. v. Fox, supra). The mere assertion of an adverse claim does not oust the court of jurisdiction. It may enter upon a preliminary inquiry to determine whether the claim is substantial or merely colorable. Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897; Remington on Bankruptcy (3d Ed.) § 2438; Black on Bankruptcy (3d Ed.) §§ 403 and 404.

Now, in this case, the referee has found as a fact that the property was in the physical possession of the bankrupt, and that the bankrupt was insolvent when the petition in bankruptcy was filed. Since the matter was brought before him through the petition to surrender, it was for him to say whether it should be surrendered, and he has held that it should not be surrendered.

So we pass to the second question submitted, and which involves the correctness of his ruling—would the mere levying of a writ of attachment, without taking possession of the goods of the bankrupt and segregating same from other assets, fix a lien on the property attempted to be attached?

It appears to be uncontroverted that the constable did in fact levy upon the goods, and, if a lien was thus created, that it was afterward foreclosed in the courts. Is it necessary, where no question of innocent purchaser is involved, that property levied upon be removed from the premises? That seems to be the inquiry. I do not think it is necessary. My idea is that the seizure as described here constituted an execution of the writ of attachment and created a lien (article 300, vol. 1, Vernon's Annotated Civil Statutes), and that the property thus seized does not have to be removed from the premises in order to place same in at least the constructive possession of the officer executing the writ (article 290, supra). The care of property thus levied upon is, according to my view, a matter for the judgment of the officer, who is in turn responsible for it.

In Taubel, etc., Co. v. Fox, supra, the goods seized were left on the plaintiff's premises after their seizure by the sheriff, and were there when the trustee took charge. Fox v. Taubel, etc., Co. (C. C. A.) 286 F. 351. The Supreme Court said "the possession of the sheriff was the possession of the state court," and in such case the claim of the trustee to them "would have to be litigated in the state court." Remington on Bankruptcy, § 2395, 1928 Supplement.

It follows, according to my construction of the evidence here, that the referee was in error in holding, as a matter of law, that no lien exists. The petitioner's claim is substantial, not merely colorable, and must be determined in a plenary suit. The referee, in such a state of affairs, was without jurisdiction to decide the matter. Harrison v. Chamberlin, supra.

The order is that the claim be remanded to the referee. The issues, both as to the pos-

session of the property and the solvency of the bankrupt, as well as the validity of the lien, will have to be tried in a plenary suit before a court of competent jurisdiction.