**UNITED STATES FIDELITY & GUAR-
ANTY CO. v. DANIELS et al.**

No. 5034.

Court of Civil Appeals of Texas.
Texarkana.

May 21, 1937.

Rehearing Denied May 27, 1937.

Seay, Malone & Lipscomb, of Dallas, and Wynne & Wynne, of Longview, for appellant.

W. H. Sanford, of Dallas, Hatchell & Campbell, of Longview, Conan Cantwell, of Dallas, Synnott & Cooke, T. B. Stinchcomb, and Lacy & Molhusen, all of Longview, and Geo. Prendergast, of Marshall, for defendants in error.

WILLIAMS, Justice.

Defendant in error Oliver Daniels instituted suit against A. F. Eggleston and B. H. Moon upon an open account in the sum of $2,822, and caused writs of garnishment before judgment to issue and be served upon East Texas Theatres, Inc., W. A. Lanagan, the Rembert National Bank, and J. N. Campbell. Eggleston replevied the funds impounded by executing and filing a replevy bond with plaintiff in error as surety. This bond filed and approved reads as follows: "Whereas, on the 23rd, day of June A. D. 1931 in the cause of Oliver Daniels Vs. B. H. Moon, and A. F. Eggleston, composing the firm name of E. & M. Construction Co. in the District Court of Gregg County, Texas, the file number of which is 7969 plaintiff caused writs of garnishment to issue out of said court against B. H. Moon, The Rembert National Bank and A. F. Eggleston, and the East Texas Theatres Inc., W. A. Lanagan for the sum of $2,822.02 Dollars, which was on the 23rd day of June, 1931, by Geo. Hughes, Deputy Sheriff of Gregg County, Texas, served on the Rembert National Bank, a corporation of Longview, Texas, named as the garnishee herein, which said suit of garnishment is now pending in said court and undetermined; and, whereas A. F. Eggleston, defendant desires to *reply* any effects, shares or claims of any kind seized or garnished under and by virtue of said writs of garnishment;

"Now, therefore in order to release from the liens of said writ any and all debts, claims shares and effects, if any owing by or in the possession of the said Rembert National Bank, a corporation, and the East Texas Theatres Inc., W. A. Lanagan and belonging to the said A. F. Eggleston at the date of service of the said writs and which may be owing by it or either of them or shall come into its possession up to the time of filing its answer as garnishee in said cause, We the undersigned A. F. Eggleston as principal, and U. S. Fidelity and Guaranty Company as surety, acknowledge ourselves bound to pay to the said Oliver Daniels, the sum of $5,650.00, Dollars, conditioned for the payment of any judgment that may be rendered against the said Rembert National Bank, a corporation, garnishee."

Defendant in error Daniels reduced to judgment his claim against Eggleston and Moon. Judgment was also rendered for Daniels against said bank and the theater company, two of the garnishees, and against plaintiff in error upon the bond. Only the bank had answered in the garnishment proceedings when judgment was taken.

At a subsequent term plaintiff in error filed a motion to correct and reform the judgment as originally entered. Later Daniels moved to reform and correct same. The theater company then for the first time answered, urging various defences as to its liability. The court sustained the exceptions of Daniels that it was then without jurisdiction to hear these defensive pleas, and granted the motion of said Daniels to correct and reform the original judgment, and entered a judgment nunc pro tunc similar to the original one, except that parties and issues not disposed of were included in the new order. It is not necessary to discuss the other proceedings in the trial court nor the several appeals to this court.

Without detailing here all the provisions of the nunc pro tunc judgment, we quote that portion pertinent to disposition of the cause on this appeal:

"That plaintiff Oliver Daniels recover of and from the East Texas Theatres, Inc., one of the garnishees, judgment for $1575, being amount owing by said garnishee, the theatre company, to defendant Eggleston, with interest, but that plaintiff have no execution as against said theatre company, for the reason that said sum has heretofore been replevied. * * *

"It is further * * * decreed that the plaintiff Daniels recover from said defendant Eggleston and the United States Fidelity & Guaranty Company, surety on his replevy bond, the sum of $1575 due the said defendant by said theatre company, garnishee herein, with interest and costs and for which this plaintiff may have execution * * *."

It is from that portion of the judgment against plaintiff in error for the sum of $1,575, with interest, which represented the sum that the court found the garnishee, East Texas Theatres, Inc., owed to Eggleston that plaintiff in error assigns as error.

In the foregoing bond the recitation is noted: "which was on the 23rd day of June, 1931," by the officer "served on the Rembert National Bank, a corporation of Longview, Tex., named as the garnishee herein." And further: "We the undersigned A. F. Eggleston as principal, and U. S. Fidelity and Guaranty Company as surety, acknowledge ourselves bound to pay to the said Oliver Daniels, the sum of $5,-

650.00, Dollars, conditioned for the payment of any judgment that may be rendered against the said Rembert National Bank, a corporation, garnishee."

As to the Rembert National Bank this bond contains all the essential requirements of a statutory replevy bond as required under article 4084, R.S.1925. But it is apparent from the face of this bond that it did not obligate to pay defendant in error Daniels, plaintiff in the garnishment suit, any judgment that may be rendered against the said East Texas Theatres, Inc., and no other construction can be placed on the bond. This bond simply does not cover any funds then held by East Texas Theatres, Inc. "Garnishment is a harsh remedy, is entirely statutory, and will be strictly construed against the party resorting to the remedy." New Amsterdam Casualty Co. v. Keith (Tex.Com.App.) 273 S.W. 836, 837 and authorities therein cited. "Sureties are said to be favorites of the law, and a contract of suretyship must be strictly construed to impose upon the sureties only those burdens clearly within its terms, and must not be extended by implication or presumption." 32 Cyc. 73; Aetna Casualty & Surety Co. v. Russell (Tex.Com.App.) 24 S.W.(2d) 385; Campbell-Root Lbr. Co. v. Smith (Tex.Civ.App.) 148 S.W. 1195; Bomar v. Gahagan (Tex.Civ.App.) 152 S. W. 689; United States Fidelity & Guaranty Co. v. Presnal (Tex.Civ.App.) 80 S.W.(2d) 337. The judgment in favor of defendant in error Daniels against the plaintiff in error cannot be sustained.

It will be noted that Daniels recovered a judgment against East Texas Theatres, Inc., but which judgment provides that no execution should issue to enforce its collection.

Upon the entry of the nunc pro tunc judgment, plaintiff in error and the other defendants, including the theater company, timely excepted and gave notice of appeal. The theater company filed its appeal bond on November 21, 1933. Plaintiff in error filed its application for writ of error and bond on December 13, 1933. Before plaintiff in error had perfected its appeal in this court, said Daniels filed a certified copy of judgment and appeal bond together with the certificate of the clerk below showing that the theater company had failed to file a transcript within the statutory time and requested an affirmance of said judgment. On March 1, 1934, this court affirmed on certificate the judgment in favor of Daniels against the theater company. That part of the judgment against the theater company having been so affirmed, no change can now be made so as to give Daniels some new right which he did not have under that judgment. And such judgment became final, and this court is without jurisdiction to reform same. The legal status of Daniels and the theater company touching this transaction became fixed and determined thereby. Continental Paper Bag Co. v. Bosworth (Tex.Com.App.) 269 S.W. 83, and cases there cited.

When the trial court construed this replevy bond to be legal and binding, the only judgment which could have been entered in behalf of Daniels against the theater company as garnishee was one for the amount of the impounded funds, with the further restriction that execution should not issue against this garnishee. Tinsley v. Ardrey, 26 Tex.Civ.App. 561, 64 S.W. 803, writ refused. If a garnishee surrenders to a judgment debtor impounded funds by virtue of a replevy bond which does not protect the garnishee, he does so at garnishee's risk, for which the plaintiff can recover directly against the garnishee. First National Bank of Burkburnett v. Curtis (Tex.Civ.App.) 244 S.W. 225; Texas Nat. Bank v. First Nat. Bank (Tex.Civ. App.) 1 S.W.(2d) 717.

If Daniels was dissatisfied with the judgment as rendered in the trial court, or uncertain as to the final disposition of the cause on appeal, in order to protect his cause of action against the garnishee and the surety, he should have joined in the appeal of the theater company, or by filing cross-assignment of error, or he could have moved to consolidate the appeal of the theater company with this appeal of plaintiff in error. "It would be a most inconvenient practice, if parties were not required to file their cross appeals, or writs of error, together; so that the matters in controversy may be adjudicated in one appeal." Sartain v. Hamilton, 14 Tex. 348. Appeal by one party to a judgment and reversal had as to that one will not work reversal of judgment as to the other party or parties not appealing, unless respective rights of appellant and appellee are so interwoven or dependent upon each other as to require such course.

The judgment rendered here is a several one. There is no reason why a reversal and rendition of this judgment as to one of the parties should work a reversal

as to the judgment against the other who did not appeal, but who heretofore moved and, secured an affirmance of that part. Adams v. Houston Nat. Bank (Tex.Com. App.) 1 S.W.(2d) 878; Sullivan v. Doyle, 108 Tex. 368, 194 S.W. 136; Continental Paper Bag Co. v. Bosworth, supra; Western Indemnity Co. v. Free and Accepted Masons (Tex.Com.App.) 268 S.W. 728; Murchison v. Davis (Tex.Civ.App.) 4 S.W. (2d) 1016; Sartain v. Hamilton, supra.

For the reasons indicated, the judgment in favor of defendant in error Daniels against plaintiff in error, United States Fidelity & Guaranty Company, as to the item of $1,575 is reversed, and judgment here rendered that defendant in error Daniels take nothing as to plaintiff in error insurance company as to said item of $1,575; and, with this exception, the judgment in all other respects is affirmed.