## DANIEL v. EAST TEXAS THEATERS, Inc.

### No. 13877.

Court of Civil Appeals of Texas.
Fort Worth.

March 10, 1939.

Rehearing Denied April 21, 1939.

Hatchell & Hatchell, of Longview, for appellant.

W. H. Sanford and Conan Cantwell, both of Dallas, for appellee.

BROWN, Justice.

This is an appeal from a judgment in favor of the East Texas Theaters, Inc., against Oliver Daniel, rendered by the District Court in and for the 124th Judicial District, Gregg County, Texas. The suit was filed by Oliver Daniel against East Texas Theaters, Inc., and United States Fidelity and Guaranty Company on a certain judgment previously obtained against the East Texas Theaters, Inc.

Appellant alleged in his original petition that in 1931 appellant filed suit in the District Court of Gregg County, Texas, in Cause No. 7959, Oliver Daniel v. A. F. Eggleston and B. F. Moon, to recover from them the sum of $2,455, and on the same date sued out writs of garnishment against East Texas Theaters, Inc., and others, in Cause No. 7960. The petition further alleges that on October 6th, 1931, the court entered judgment against the defendant, Eggleston, individually, and that on the 12th day of October, 1931, the court entered judgment in the garnishment proceedings in No. 7960, and that at a subsequent term, the court, upon the motion of Oliver Daniel, entered a correction judgment, in which said judgment Oliver Daniel recovered of and from the East Texas Theaters, Inc., the sum of $1,575, but without the right of execution against said theater company because of the fact that the moneys held by it had been replevied by defendant.

The appellant's petition further alleged that after the entry of the above mentioned judgment, East Texas Theaters, Inc. gave notice of appeal and filed its appeal bond in the lower court, and that thereby the case was removed to the Court of Civil Appeals for the Sixth Supreme Judicial District, but that the East Texas Theaters failed to file a transcript within the Court of Civil Appeals in the time required by law, and that upon motion of Oliver Daniel the judgment rendered against the East Texas Theaters was affirmed on certificate by the Court of Civil Appeals at Texarkana, United States Fidelity & Guaranty Co. v. Daniels, 107 S.W.2d 400.

It is further alleged in said petition that subsequent to the affirmance by the Court of Civil Appeals, the defendant, U. S. F. & G., one of the defendants in Cause No. 7960, removed the judgment in said cause to the Court of Civil Appeals at Texarkana, by way of writ of error, and asked that the judgment against them be reversed; and that all of the parties mentioned in the judgment in Cause No. 7960, including the Theater Company, were parties to that appeal and filed briefs therein.

Appellant further alleged that on May 6th, 1937, the Honorable Court of Civil

Appeals handed down its decision and decree, holding that the replevy bond was insufficient to bind the U. S. F. & G. Company, and the court reversed and rendered that part of the judgment allowing recovery against U. S. F. & G.; but otherwise affirmed the judgment as against the Theater Company, holding that the judgment against the Theater Company was a final judgment, having been affirmed on certificate, and that they had no power to reverse or alter that judgment.

Appellant further alleged that the judgment against the Theater Company, as affirmed by the Court of Civil Appeals, had not been paid.

Appellant prayed for judgment against the East Texas Theaters, Inc., for the sum of $1,575, together with interest thereon, and for such other and further relief to which he might be entitled.

On September 4th, 1937, East Texas Theaters, Inc. filed its amended answer, in which they pleaded a general demurrer, special exceptions, a general denial and a plea of estoppel.

On September 22nd, 1937, appellant filed a first supplemental petition and answer to the answer filed by East Texas Theaters.

On October 23rd, 1937, the court heard and considered the motion of U. S. F. & G. Company to be dismissed from the case and granted said motion, dismissing the United States Fidelity and Guaranty Company from this cause. On the same day, the court heard and considered the general demurrer and special exceptions filed by the parties to this cause, and after hearing and considering the same, overruled the general demurrer filed by the East Texas Theaters and overruled the defendant's special exceptions.

The court further on such hearing struck out paragraph 7 of the Theater Company's amended answer, to all of which action the Theater Company excepted.

On February 14th, 1938, an order exchanging benches was signed and filed by the respective judges of the 71st, 124th and Special District Court of Gregg County, Texas. On February 16th, 1938, after a hearing before the court and after the introduction of testimony and argument of counsel, judgment was rendered dismissing the U. S. F. & G. from the case, sustaining the special exceptions of Oliver Daniel, and further ordering that plaintiff should take nothing by his suit against the East Texas Theaters, to which action of the court Oliver Daniel excepted and gave notice of appeal.

The cause being duly appealed to the Court of Civil Appeals at Texarkana, same was by order of the Supreme Court transferred to this Court of Civil Appeals.

From the statement given by us, one may see that this whole controversy arises over the fact that a plaintiff below secured a judgment against a garnishee, in which the right of execution was denied on the theory that the funds in the hands of the garnishee had been duly and properly replevied but that, subsequently, it was adjudged, on appeal, that the replevin bond was defective and insufficient to bind the surety. Thus, the holder and owner of the judgment so obtained against the garnishee, who admitted that the amount involved was by it owing to the defendant in judgment, seeks to recover a judgment of debt against the said garnishee, with right of execution, occasioned by the fact that the garnishee wrongfully and at its peril paid the sum of money, impounded by the writ of garnishment, to the defendant below when the garnishee was not protected by a binding and lawful replevy bond.

The case being tried to the court, judgment was rendered denying such plaintiff the relief sought.

Where there is a right, there is a remedy. It is apparent that the remedy could not be pursued in the Court of Civil Appeals, where the judgment against the garnishee, without the right of execution, was affirmed.

Since that judgment was affirmed, a new status had arisen, viz.: It had been adjudicated by the Court of Civil Appeals, that the replevin bond is wholly insufficient.

We do not believe that the courts of this State should deny a litigant relief under such circumstances as are disclosed by this record. Appellant, who was the plaintiff below, has done everything that a diligent litigant was called upon to do, and, under the decisions of this State, he could take no other judgment than one denying the right of execution against the garnishee (the trial court having given full credit to the efficacy of the replevin bond), but judgment only establishing his debt against the garnishee for the sum of money owing by the garnishee to the orig-

inal defendant. See Vol. 20, Tex.Jur. pp. 851, 852, par. 113, and many cases cited.

The effect of a writ of garnishment is to impound any monies or property held by the garnishee belonging to the defendant debtor. The writ fixes a lien, in favor of the plaintiff below, on property thus impounded, and if a debt is impounded, a money judgment may be taken against the garnishee which may be enforced like any other judgment. 20 Tex. Jur. pp. 800, 801, par. 75, and many cases cited.

The only reason the trial court did not give a judgment against the garnishee, with full right of execution, was occasioned by the giving of the replevin bond, which was subsequently held invalid by the Court of Civil Appeals (United States Fidelity & Guaranty Co. v. Daniels, 107 S.W.2d 400).

To say that the garnishee cannot be held liable to Daniel, in this case, is to permit the garnishee to take advantage of its own wrong. The garnishee paid the defendant-debtor what it owed him after the writ was served, on the theory that it was protected by a replevin bond, and it did so at its peril. See Tex.Jur., vol. 20, pp. 848, 849, par. 110, and same text, pp. 849, 850, par. 111, and pp. 850, 851, par. 112; First Natl. Bank of Burkburnett v. Curtis, Tex.Civ.App., 244 S.W. 225 writ refused; Texas Natl. Bank v. First Natl. Bank, Tex.Civ.App., 1 S.W.2d 717; Fitzgerald Military Band v. Colony Bank et al., 115 Ga. 790, 42 S.E. 70.

We do not believe that appellant, Daniel, should be left by the courts of Texas holding an empty sack. We believe that the changed conditions, brought about by subsequent events, over which Daniel had no control, gave and do give him the right to obtain a valid and enforceable judgment against the appellee-garnishee below, for the amount that it confesses and confessed it owed the judgment debtor, when the garnishment writ was served upon it.

Therefore, the judgment of the trial court, by which the United States Fidelity & Guaranty Company was dismissed from the suit, is by us undisturbed, but the judgment in favor of appellee, East Texas Theaters, Inc., is here reversed and judgment rendered for appellant against such appellee for the sum of $1,575, with six per cent per annum interest thereon from October 12th, 1931, and for all costs.