**UNITED STATES et al. v. YATES et al.**

No. 4453.

Court of Civil Appeals of Texas. Beaumont.

July 10, 1947.

Rehearing Denied Sept. 17, 1947.

John D. Rienstra, Asst. U. S. Atty., and Jack M. Moore, both of Beaumont, for appellants.

Major T. Bell and John L. Bell, both of Beaumont, for appellees.

COE, Justice.

This is an appeal by the United States and Cooper-Duke Company from a judgment of the district court of Jefferson county, Texas, in a suit brought by Earl and W. O. Yates against L. C. Russell, doing business as the Russell Construction Company, and the County of Jefferson, a political subdivision of the State of Texas. The suit was an action for debt upon rental and labor furnished the said Russell in the performance of the contract for the construction of an airport in Jefferson county, in which they asserted a claim against the County of Jefferson for funds held by said Jefferson county due the said L. C. Russell under his contract. The plaintiffs, Earl Yates and son, W. O. Yates, caused attachment to be issued and levied upon property belonging to the defendant Russell in addition to their claim asserted against the funds in the hands of Jefferson county. Jefferson county by its amended answer impleaded Cooper-Duke Company, one of

the appellants herein, together with numerous other claimants against Russell and the County, for money due and owing by it to Russell for insurance, services, labor and material furnished and performed by said parties for Russell under his contract, and tendering into court the sum of $7,812.04, which was admitted to be due Russell under his contract with the county. The surety company on Russell's performance bond was also brought in and the United States of America, one of the appellants herein, intervened, seeking to collect the sum of $10,506.34 due to the United States by L. C. Russell as federal insurance contribution taxes and withholding taxes, asserting a prior lien upon the proceeds of the sale of the attached property and the funds withheld by Jefferson county. The trial court entered judgment for Earl and W. O. Yates for the sum of $5,591, of which the sum of $2,770.12 should be paid from the fund realized from the sale of attached personal property of Russell, sold pursuant to court order, the sum of $2,131.62, representing their prorata share, should be paid from the fund withheld by Jefferson county, and that they should have a personal judgment against Russell for the balance of $689.26 found to be due them. Judgment was entered in favor of Henry J. Lohman for labor in the sum of $596.40; for L. L. Parrish for rental of equipment the sum of $280.00; Beaumont Building Material Corporation for materials furnished $584.27; John M. Kilgore, rental of equipment, $250.00; Gulf Portland Cement Company for material furnished $5,802.00, and awarded each of them their prorata share of the funds withheld by Jefferson county and that they should have personal judgment against L. C. Russell for the balance of their claims. The court also gave judgment in favor of Cooper-Duke Company against L. C. Russell for the sum of $3,031.51 and in favor of the United States for the sum of $10,-466.33, and foreclosed the lien of the United States of America and adjudged that said lien be in all things subordinate, inferior and secondary to the attachment lien asserted by Earl and W. O. Yates, and likewise adjudged and decreed that the lien of the United States of America is likewise in all things subordinate, inferior and sec-

ondary to the respective liens asserted by Earl and W. O. Yates, Henry J. Lohman, Associated Indemnity Corporation in subrogation, L. L. Parrish, Beaumont Building Material Corporation, John M. Kilgore and Gulf Portland Cement Company, asserted under Articles 5472a, 5472b, Vernon's Ann. Civ.St., as to the funds withheld by Jefferson county due to L. C. Russell under his contract. From this judgment the United States of America and Cooper-Duke Company have perfected their appeal. The appellant United States of America's contentions are that the lien of the United States under Sections 3670 and 3671 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, §§ 3670, 3671, for federal withholding tax, federal insurance contributions and federal unemployment tax due from L. C. Russell were under the facts and the law entitled to priority in payment over the attachment lien of Earl Yates and W. O. Yates upon the attached personal property of L. C. Russell and the proceeds realized from the sale of such personal property under the order of the court below, and that the liens of the United States under said sections of the Internal Revenue Code were likewise entitled to priority in payment from the funds withheld by Jefferson county from the claims and liens of Earl Yates and W. O. Yates, and other claimants who sought to establish priority of their claims under Articles 5472a and 5472b of Vernon's Annotated Civil Statutes.

We will first dispose of the contention made by the United States of America, which we will hereinafter refer to as the Government.

The trial court, among other things, found:

"3. The defendant L. C. Russell in his second original answer and cross-action admits and the Court finds as fact from the pleadings and evidence that the said L. C. Russell entered into a contract with the said Earl Yates and W. O. Yates for the rent of certain equipment and Russell agreed to pay the said Yates the sum of Four Thousand Five Hundred ($4,500.00) as set out in Yates' pleadings and that the said L. C. Russell owes to said Yates the sum of Four Thousand Five Hundred ($4,-

500.00) for the rent of said equipment; and the Court further finds that the said L. C. Russell owes to the said Earl Yates and W. O. Yates the further sum of Five Hundred Fifteen ($515.00) under said contract, together with the further sum of Five Hundred Seventy-six ($576.00) Dollars which the said Russell agreed to pay to the said Earl Yates and W. O. Yates for the cost of moving said equipment back to Trinidad, Texas, and that said sums of money aggregate Five Thousand Five Hundred Ninety-one ($5,591.00) Dollars which amount the Court finds just due and unpaid and that all lawful credits and offsets have been allowed as required by law. * * *

"6. The Court further finds that on or about the 7th day of April, 1944, said L. C. Russell abandoned his contract with Jefferson County covering the construction of the Med-County Airport and that thereafter the said Earl Yates and W. O. Yates under contract with Jefferson County completed the same.

"7. The Court further finds that the claimants Earl Yates and W. O. Yates on the 17th day of April, 1944 duly and timely filed and perfected their claim and lien with the employer, County of Jefferson, under Articles 5472a and 5472b, Vernon's Ann.Civ.St., for the sum of Five Thousand Five Hundred Ninety-one ($5,591.00) Dollars and that said Earl Yates and W. O. Yates are entitled to share prorata in the funds being withheld by Jefferson County and hereinafter mentioned.

"8. The Court further finds that the labor claimant Harry J. Lohman on the 14th day of February, 1944 duly and timely filed and perfected his labor claim and lien with the employer, County of Jefferson, under Articles 5472a and 5472b Vernon's Ann. Civ.St. in the amount of Five Hundred Ninety-six and 40/100 ($596.40) Dollars and the Court further finds that said labor claimant duly filed his statutory labor lien with Fred G. Hill, the County Clerk of Jefferson County, Texas, under Article 5160, R.S.1925, Vernon's Ann.Civ.St. art. 5160, as against the defendant, Associated Indemnity Corporation and that by stipulation between the said Harry J. Lohman and said Associated Indemnity Corporation it was agreed that only the amount of Two Hundred Forty-five and 60/100 ($245.60) is enforceable herein against said bonding company; the Court further finding that as to said amount of Two Hundred Forty-five and 60/100 ($245.60) Dollars said Associated Indemnity Corporation is subrogated to the rights of the said Harry J. Lohman in and to said funds withheld by Jefferson County herein mentioned. The Court further finds that the said Harry J. Lohman is entitled to share prorata under Articles 5472a and 5472b, Vernon's Ann.Civ.St., in the funds so withheld by Jefferson County to the extent of Three Hundred Fifty and 80/100 ($350.80) Dollars, being the difference between the sum due Harry J. Lohman from said Associated Indemnity Corporation and his full claim for labor as above set out.

"9. The Court further finds that the claimant L. L. Parrish on April 7, 1944 duly and timely filed and perfected his claim and lien for rental of equipment, with the employer, Jefferson County, under Articles 5472a and 5472b, Vernon's Ann.Civ.St., for the sum of Two Hundred Eighty ($280.00) Dollars and that on April 17th, 1944 the said L. L. Parrish likewise filed and perfected his amended lien and claim in said amount with said Court and that the said L. L. Parrish is entitled to share prorata in the funds withheld by said County of Jefferson.

"10. The Court further finds that the claimant Beaumont Building Material Corporation on the 14th day of February, 1944 duly and timely filed and perfected its claim and lien for materials furnished, with said employer, Jefferson County, under Articles 5472a and 5472b, Vernon's Ann.Civ. St., for the sum of Five Hundred Eighty-four and 27/100 ($584.27) Dollars and that therefore the said Beaumont Building Material Corporation is entitled to share prorata in the fund withheld by said County of Jefferson.

"11. The Court further finds that the claimant John M. Kilgore on January 3rd, 1944 duly and timely filed and perfected his

claim and lien for rental on equipment furnished with the employer, County of Jefferson, under Articles 5472a and 5472b, Vernon's Ann.Civ.St., and that by agreement made during the trial said claim was established in the amount of Two Hundred Fifty ($250.00) Dollars and that therefore the said John M. Kilgore is entitled to share prorata in the funds withheld by the County of Jefferson to the extent of his claim in the amount agreed upon as aforesaid.

"12. The Court further finds that the claimant Gulf Portland Cement Company on February 14, 1944 duly and timely filed and perfected its claim and lien for materials furnished, with the employer, County of Jefferson, under Articles 5472a and 5472b, Vernon's Ann.Civ.St., for the sum of Six Thousand Six Hundred Ninety-seven and 50/100 ($6,597.50) Dollars which said claim and lien was on April 17, 1944 duly amended showing the return of materials in the amount of Eight Hundred Ninety-five and 50/100 ($895.50) Dollars, thereby establishing as the final claim and lien of the said Gulf Portland Cement Company in the amount of Five Thousand Eight Hundred Two ($5,802.00) Dollars in which amount said claimant is entitled to share prorata in the funds withheld by the said County of Jefferson.

"13. The Court further finds that the alleged claimant Cooper-Duke Company, a co-partnership composed of Harris Cooper and Malcom Duke, on February 14, 1944 filed and purported to perfect a claim and lien with the employer, County of Jefferson, under Articles 5472a and 5472b, Vernon's Ann.Civ.St., in the amount of Three Thousand Thirty-one and 51/100 ($3,031.-51) Dollars which said amount was due as insurance premiums on Workmen's Compensation Insurance and Public Liability Insurance policies covering employees of the said L. C. Russell.

"14. The Court further finds that on July 30, 1943 said Associated Indemnity Corporation duly executed its performance bond in the amount of $80,450.00 guaranteeing the performance of the contract between L. C. Russell and Jefferson County, and executed as required under Article 5160, R.C.S.1925 as amended.

"15. The Court further finds that during the progress of the trial the Associated Indemnity Corporation made separate and distinct stipulations and agreements with each said Gulf Portland Cement Company, said John M. Kilgore, said Cooper-Duke Company, said L. L. Parrish, said Earl Yates and W. O. Yates, and Beaumont Building Material Corporation, that said Associated Indemnity Corporation was not liable to either of said claimants in either or any of said claims in any amount whatsoever under Article 5160, R.C.S.Texas 1925.

"16. The Court further finds that the said Earl Yates and W. O. Yates on May 15, 1944 duly perfected their attachment lien, levied on said date, against the property described in the Officer's Return thereof and that said personal property should be sold at public sale and the net proceeds thereof should be applied to the indebtedness of the said L. C. Russell owing to the said Earl Yates and W. O. Yates in the amount of Five Thousand Five Hundred Ninety-one ($5,591.00) Dollars; and in such connection the Court finds that prior to the filing of the within judgment said personal property has been so sold under Order of this Court and that there is now on deposit with the District Clerk of Jefferson County, Texas, the amount of $2,770.12, being the net proceeds of said sale after deduction of all costs incidental to said attachment and sale; and the Court further finds that the said Earl Yates and W. O. Yates shall be entitled to share prorata with the other statutory lien claimants in the funds withheld by Jefferson County for the balance of their claim of Five Thousand Five Hundred Ninety-one ($5,591.00) Dollars after said funds ·from the attachment proceedings herein have been applied on the indebtedness to the said Earl Yates and W. O. Yates.

"17. The Court further finds that the employer, defendant Jefferson County, Texas, now withholds the sum of Seven Thousand Eight Hundred Twelve and 04/100 ($7,812.04) Dollars which sum should be paid out prorata by Jefferson County in the manner hereinabove indicated to the lien claimants and intervenors who have duly perfected their statutory liens under Arti-

cles 5472a and 5472b, Vernon's Ann.Civ.St., said lien claimants being Earl Yates and W. O. Yates; John M. Kilgore; Beaumont Building Material Corporation; Gulf Portland Cement Company; L. L. Parrish; and Harry J. Lohman.

"18. The Court further finds that the intervenor, United States of America, claiming under Sections 3670, 3671 and 3672 of the Internal Revenue Code [26 U.S.C.A. Int.Rev.Code, §§ 3670–3672] claims and asserts herein the following Federal Taxes to be due from the said L. C. Russell, the nature of the tax, the amount thereof, the date the assessment list was received by the Collector, the date the demand therefor was made of the taxpayer, and the date that the lien therefor was filed with the County Clerk of Jefferson County, Texas, being as follows:

"Exhibit 'A'

| Nature of Tax | For Period Ending | Amount | Date Asses. list Rec'd By Collector | Date Coll. made demand of Taxpayer | Date Lien Filed with County Clerk |
|---|---|---|---|---|---|
| Withholding Tax | Qtr. 12–31–45 | $ 3,062.51 | 5–29–44 | 6–2–44 | 5–26–44 |
| Withholding Tax | Qtr. 6–30–43 | 751.51 | 6–3–44 | 5–24–44 | 5–26–44 |
| Withholding Tax | Qtr. 3–31–44 | 326.09 | 6–3–44 | 5–24–44 | 5–26–44 |
| Withholding Tax | Qtr. 3–31–44 | 744.59 | 6–20–44 | 6–26–44 | 6–20–44 |
| Withholding Tax | Supl. 12–31–43 | 3.00 | 10–18–44 | 10–23–44 | 1–6–45 |

(L. C. Russell d/b/a Russell Construction Company)

| Nature of Tax | For Period Ending | Amount | Date Asses. list Rec'd By Collector | Date Coll. made demand of Taxpayer | Date Lien Filed with County Clerk |
|---|---|---|---|---|---|
| Federal Insurance Contributions | Qtr. 6–30–44 | $ 90.24 | 11–20–44 | 11–8–44 | 11–9–44 |
| Withholding Tax | Qtr. 6–30–44 | 325.24 | 9–30–44 | 10–5–44 | 10–6–44 |
| Federal Insurance Contributions | Qtr. 3–31–44 | 158.12 | 5–26–44 | 5–24–44 | 5–26–44 |

(L. C. Russell & R. F. Roberts d/b/a Russell Construction Co.)

| Nature of Tax | For Period Ending | Amount | Date Asses. list Rec'd By Collector | Date Coll. made demand of Taxpayer | Date Lien Filed with County Clerk |
|---|---|---|---|---|---|
| Federal Insurance Contributions | Qtr. 6–30–43 | $ 512.45 | 5–26–44 | 5–24–44 | 5–26–44 |
| Federal Insurance Contributions | Qtr. 9–30–43 | 501.35 | 5–26–44 | 5–24–44 | 5–26–44 |
| Federal Insurance Contributions | Qtr. 12–31–43 | 733.91 | 5–26–44 | 5–24–44 | 5–26–44 |
| Federal Insurance Contributions | Qtr. 3–31–44 | 70.37 | 5–26–44 | 5–24–44 | 5–26–44 |
| Federal Unemployment Tax | n 1943 | 3,186.95 | 5–26–44 | 7–13–44 | 1–6–45 |

$10,466.33

"19. The Court further finds that attempting to assert a lien under Articles 5472a and 5472b, Vernon's Ann.Civ.St., the United States of America did on or about September 15, 1945 file with the employer, County of Jefferson, its alleged claim for each and all of the amounts as specified in the last preceding paragraph hereof.

"20. The Court further finds that at all pertinent times and including the dates of filing of the liens by the parties entitled to participate in the fund retained by said employer, County of Jefferson, and including the date of the perfection of the attachment lien, the said L. C. Russell was solvent."

No attack is made by either of the parties to such findings and we adopt same as our findings of fact herein.

 The Government contends that until the claims of the attaching creditors were reduced to judgment the law gave them no right in the tax payers property or the proceeds from its sale which would justify the court in awarding them priority of payment over the perfected liens of the Government and that at the time the Government's tax liens were perfected, the attaching creditors had at most only an equitable or inchoate right. Among many other cases, the Government relies upon the authority announced in the cases of Spokane County v. United States, 279 U.S. 80, 49 S.Ct. 321, 73 L.Ed. 621; City of New York v. Hall, 2 Cir., 139 F.2d 935; People of State of New York v. Maclay, 288 U.S. 290, 53 S.Ct. 323, 77 L.Ed. 754; United States v. State of Texas, 314 U.S. 480, 62 S.Ct. 350, 86 L.Ed. 356, and MacKenzie v. United States, 9 Cir., 109 F.2d 540. With this contention we find ourselves unable to agree. The attachment lien asserted by Earl and W. O. Yates is governed by Articles 300 and 301 of the Revised Civil Statutes of Texas 1925. Article 300 reads as follows:

"Attachment creates a lien. The execution of the writ of attachment upon any property of the defendant subject thereto, unless the writ should be quashed or otherwise vacated, shall create a lien from the date of such levy on the real estate levied on and on such personal property as remains in the hands of the attaching officer, and on the proceeds of such personal property as may have been sold."

Under the foregoing statute as construed by the appellate courts of this State, the levy of an attachment upon personal property creates a lien from the date of the levy. See Walton v. Cope, 3 Tex.Civ.App. 499, 22 S.W. 765; Kanaman v. Hubbard, 110 Tex. 560, 222 S.W. 151. See also, In re Jones, D.C., 42 F.2d 269; Vol. 27, Texas Jur., Sec. 37, page 500, where the rule is announced as follows: "The levy under a valid writ of attachment or execution places the property levied on within the custody of the law. It has, generally speaking, the effect of segregating that portion of the debtor's property which is necessary to satisfy a money judgment against him." It is a settled rule that the Federal Courts are bound by the construction of the state statute made by the highest court of said state. See United States of America v. Texas, supra, and cases there cited. It appears from the findings of the trial court that appellees, Earl and W. O. Yates' attachment lien had been perfected and fixed upon the personal property of L. C. Russell before the Government's lien for taxes due had been fixed. The Supreme Court of Louisiana, in State University et al. v. Hart et al. (United States, Intervenor), 210 La. 78, 26 So.2d 361, passed upon the identical question here presented and in a long and well reasoned opinion held directly against the contentions here made by the Government, citing and distinguishing many of the authorities cited by the Government in its brief here. Having concluded that the attachment lien of Earl and W. O. Yates was specific and fixed upon the date of its levy, which date was prior to the date the Government fixed its lien for unpaid taxes under Sections 3670, 3671 and section 3672 (as amended by Sec. 505 of the Revenue Act of 1942) of the Internal Revenue Code of the United States, 26 U.S.C.A. Int.Rev.Code, §§ 3670–3672, the Government's contention that the tax lien should have priority over the attachment lien fixed against the personal property of L. C. Russell is denied and overruled.

The Government's contention that its lien for unpaid taxes should have priority over the lien of appellees, established under Articles 5472a and 5472b, Vernon's Annotated Civil Statutes, to the fund retained by Jefferson county under its contract with L. C. Russell, is also overruled. The appellees had perfected their respective liens against the funds retained by Jefferson county under said articles prior to the date the Government perfected its lien for taxes. The only possible interest that Russell could have had in the funds retained by Jefferson county on the date the Government's lien for unpaid taxes was fixed was a possible equity in such funds which upon the trial of the cause was shown not to exist. In the case of McGraw & Co. v. Sherman Plastering Co., Inc., D.C., 60 F.Supp. 504, 511, it was said:

"* * * the Government claims that the moneys paid into court constituted 'property' of Sherman subject to lien in favor of the Government. * * *

"But never since the asserted lien was claimed to have attached did Sherman have any 'property' or 'right to property,' within the meaning of Sec. 3670 of the Code, arising from its subcontract with McGraw. * * *

"* * * at no time since it furnished the labor and materials had Sherman been in a position to demand from McGraw the full payment stipulated in the subcontract; it was entitled to receive from McGraw only the contract price less the amount of its unpaid indebtedness to Blackburn and Milcor. Since the amount owed by Sherman to Blackburn and Milcor exceeded the balance due to Sherman on the contract price, Sherman had no 'right of property' in the unpaid contract to which the Government's claimed lien could attach. And merely by assertion of a lien the rights of the Government rose 'no higher than those of the taxpayer whose right to property is sought to be levied on'. Karno-Smith Co. v. Maloney, 3 Cir., 112 F.2d 690, 692."

See also New York Casualty v. Zwerner Regional Counsel of National Housing Agency, D.C., 58 F.Supp. 473; Metropolitan Life Ins. Co. v. United States, 6 Cir., 107 F.2d 311; Massachusetts Bonding & Insurance Co. et al. v. City of Grapeland et al., Tex.Civ.App. 148 S.W.2d 1006; Perry v. Wood, 5 Cir., 63 F.2d 257; Cutler-Hammer, Inc., v. Wayne, 101 F.2d 823; Id., 307 U.S. 635, 59 S.Ct. 1031, 83 L.Ed. 1517; American Coal Burning Co. v. Merritt, 6 Cir., 129 F.2d 314; Stanfill v. Penninman Gravel & Material Co., Tex.Civ.App., 27 S.W.2d 135; Wilson v. Sherwin-Williams Paint Co., 110 Tex. 156, 217 S.W. 372. From the foregoing authorities we are convinced that the rights of the Government can rise no higher than the taxpayer's whose right to property is sought to be subjected to its lien. Since L. C. Russell, the taxpayer, under the facts of the case, had no right to the fund in question, the Government likewise had no right thereto.

The appellant Cooper-Duke Company complains of the action of the trial court in overruling its plea in abatement, said plea being based upon the alleged pendency of the prior suit between Russell and the County Judge and Commissioners of Jefferson county, Texas, and themselves pending in the district court of Jefferson county, being Cause No. 57653, which was alleged to have been filed prior to this suit and in which the same issues were involved between the same parties. We find no evidence supporting the allegations of said plea; however we do find in the transcript of the proceedings in this cause what purports to be at least a portion of the pleadings in Cause No. 57653, above referred to. We are of the opinion that there was no error in the action of the trial court in overruling the plea should it be conceded that there was a prior suit between Russell and the governing body of Jefferson county and appellant Cooper-Duke Company involving the same matters and funds involved in this suit. We are of the opinion that Jefferson county had a right in the present suit to interplead all claimants to the funds that it was withholding from Russell and have settled in one suit the various claims asserted against said fund. The court's action had the effect of consolidating the two suits. However, should we be wrong in this conclusion and if the action of the trial court in overruling said plea in abatement was error, we believe same to be harmless for the reason that appellant Cooper-Duke

Company had no interest in or lien upon the fund withheld by Jefferson county, and having been given a judgment for the full amount claimed against L. C. Russell they received all the relief that they were entitled to receive. To support our conclusion that appellant Cooper-Duke Company had no interest or lien upon the funds retained by Jefferson county, see the following authorities: Articles 5472a, 5472b, Vernon's Ann.Civ.St.; Texas Employers Liability Ins. Corp. v. Cannon, 173 Okl. 493, 49 P.2d 103, 102 A.L.R. 135; Knox v. Ball, 144 Tex. 402, 191 S.W.2d 17, 164 A.L.R. 1453; In re Zaepfel & Russell, Inc., D.C., 49 F. Supp. 709; Standard Accident Ins. Co. v. Knox, 144 Tex. 296, 184 S.W.2d 612; United States, to Use and Benefit of New York Casualty Co. v. Standard Surety & Casualty Co., D.C., 32 F.Supp. 836. It necessarily follows from what we have said that appellant Cooper-Duke Company's contention that it should have participated in the funds withheld by Jefferson county on equal basis with the laborers and materialmen is overruled.

Finding no reversible error in the judgment of the trial court, the same is affirmed.