## SUNNYLAND WHOLESALE FURNITURE CO. v. LIVERPOOL & LONDON & GLOBE INS. CO., Limited, et al.

### Civ. No. 4715.

United States District Court
N. D. Texas, Dallas Division.

Oct. 7, 1952.

James R. Alexander, Dallas, Tex., for plaintiff.

Thompson & Coe, Dallas, Tex., for defendant.

Wm. Cantrell, Jr., Asst. U. S. Atty., Dallas, Tex., for the United States.

ATWELL, Chief Judge.

The suit was instituted in the state court, where the United States, interpleaded, and then filed a petition for removal, which was granted. The removal was effected on June 23, 1952, and a number of dilatory motions have been filed and acted upon since then.

The action is a garnishment under the State of Texas statute, and the defendant insurance company tendered into the registry of the court on September 1, 1952, $7,500.19.

The issue between the United States and the plaintiff arises out of an indebtedness by Adams and his wife, to the plaintiff, out of which the garnishment was served upon the petition of the plaintiff against the insurance company. The United States claims that it had a tax lien against debtor Adams before the plaintiff secured its garnishment lien. The facts disclose that the garnishment lien was first fixed and that the tax lien was subsequent to that fixing.

The garnishee requested a reasonable fee for filing pleadings and attending the ripening and tendering thereof and for the deposit of the money in the registry of the court.

The amount claimed by the government against Adams and his wife, and against Adams, himself, exceeds the amount deposited in court by the defendant insurance company.

The government contends that notwithstanding the fact that the garnishment lien attached prior to the time of the fixing of its lien under 53 Stat. 448, as amended, 26 U.S.C. §§ 3670, 3671, and 3672, that it is entitled to the money on deposit and points to United States v. The Security Trust & Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53.

The case is hardly an authority here. It relates to an attachment lien under the California Code. In that case the federal tax lien was recorded subsequent to the date of the attachment lien but before the attaching creditor obtained judgment. In that case, also, the state court, itself, describes the lien as inchoate, and the Supreme Court accepts that classification as practically conclusive. In that sort of a situation the attachment lien is contingent, and the United States tax lien is not defeated by a contingent, inchoate lien prior in time.

The government also cites United States v. Yates, Tex.Civ.App., 204 S.W.2d 399, which is rather an authority for the plaintiff. Its citation, also, of United States v. Texas, 314 U.S. 480, 62 S.Ct. 350, 86 L.Ed. 356, gives us a case not in point.

It will be noticed that the United States statute mentioned above provides that, "Such [statutory] lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector" in the office provided by the law of the state for such filing, and in this particular case no lien was filed in the County records of the State of Texas prior to the securing of the garnishment lien.

The spirit of this statutory provision vitalizes the thought that those who hold valid liens, such as are mentioned in the statute, are not affected by government liens subsequently acquired.

The ordinary rule with reference to the preference of government claims over private claims has no application here. This case is ruled by the securing of the first lien. That first lien is not crippled nor made subordinate by the acquisition of a subsequent lien by the national government.

See also United States v. 52.11 Acres of Land in St. Charles County, Mo., D.C., 73 F.Supp. 820, and United States v. Waddill, Holland & Flinn, Inc., 323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294, where the reasoning of the court explains the validity, priority, and vitality of the lien family. Other cases that are helpful are Buerger v. Wells, 110 Tex. 566, 222 S.W. 151; Snyder Motor Company v. Universal Credit Corp., Tex. Civ.App., 199 S.W.2d 792; Board of Sup'rs. of Louisiana State University v. Hart, 210 La. 78, 26 So.2d 361, 174 A.L.R. 1366; Focke v. Blum, 82 Tex. 436, 17 S.W. 770; Ash v. Aiken, 2 Tex.Civ.App. 83, 21 S.W. 618; Holloway Seed Co. v. City National Bank of Dallas, 92 Tex. 187, 47 S.W. 95; Jobbers' Distributing Co. v. Goldstein, Tex. Civ.App., 265 S.W. 1085; Voelkel-McLain Co. v. First National Bank, Tex.Civ.App., 296 S.W. 970; Globe & Rutgers Fire Ins. Co. v. Brown, D.C., 52 F.2d 164; and Daniel v. East Texas Theaters, Tex.Civ. App., 127 S.W.2d 240.

Accordingly, judgment must go for the plaintiff and against the interpleading United States.