UNITED STATES

v.

STANDARD BRASS & MANUFACTURING CO. et al.

No. 4952.

Court of Civil Appeals of Texas.

Beaumont.

March 10, 1954.

Further Rehearing Denied March 24, 1954.

William M. Steger, U. S. Atty., Tyler, Leonard E. Choate, Jack R. King, Asst. U. S. Attys., Beaumont, for appellant.

Cecil, Keith & Mehaffey, Beaumont, for appellee.

R. L. MURRAY, Chief Justice.

The opinion filed heretofore in this case is withdrawn and the following is filed as our opinion:

This is a controversy between United States of America, appellant, and Standard Brass and Manufacturing Company, appellee, involving the question of priority of liens.

Standard Brass and Manufacturing Company, plaintiff below, instituted suit on June 5, 1951 on a verified account under Cause No. 64,348 in the District Court of Jeffer-

son County, Texas, seeking judgment against J. E. Montagne, d/b/a Union Insulation Company, defendant below, for $5,936.60. On that same date, June 5, 1951, plaintiff below procured the issuance of a writ of garnishment addressed to Jefferson Chemical Company and procured service upon the garnishee on that same date. Service of process was not had upon the original defendant until June 11. At the time the writ of garnishment was served upon Jefferson Chemical Company, it was indebted to the defendant below in the sum of $2,692.48, and it so answered. After the writ of garnishment was served upon Jefferson Chemical, but prior to the time it filed its answer on the 25th day of June, 1951, the United States Treasury Department served upon Jefferson Chemical Company a levy dated at Port Arthur, Texas, June 25, 1951, levying upon all property of the defendant below in the hands of Jefferson Chemical Company sufficient to make the aggregate sum of $1,998.03. Simultaneously, a warrant of distraint was served upon Jefferson Chemical Company, it purporting to be dated June 5, 1951, but it was not served until June 25, 1951. At the same time, a notice of taxes due the Internal Revenue Department, dated June 22, 1951, was served upon Jefferson Chemical Company.

The judgment was entered in Cause No. 64,348 in the District Court of Jefferson County, on July 16, 1951 in favor of Standard Brass and Manufacturing Company against the defendant below for the sum of $5,936.60, together with interest at the rate of six percent per annum from January 1, 1951 until paid, and costs of court. On May 28, 1951 the Collector of Internal Revenue received the assessment list in which the Commissioner of Internal Revenue had assessed against J. E. Montagne withholding taxes in the amount of $1,892.21.

On October 6, 1951, the United States of America intervened in Cause No. 64,348-A, in the District Court of Jefferson County attempting to assert a superior and prior right with respect to the funds held by Jefferson Chemical Company which had been garnisheed by the plaintiff below.

The case was tried in the District Court of Jefferson County, and on June 6, 1953 it entered judgment awarding the garnisheed funds to Standard Brass and Manufacturing Company, plaintiff below, and at the same time, awarded the United States of America judgment against the defendant below for $1,998.03 with interest at six percent per annum from June 6, 1953 until paid.

The United States of America perfected its appeal to this court, and the case is now properly before us for review.

The appellant brings its appeal under five Points of Error, but the contention is made by means of the first four of them that the trial court erred in holding that the garnishment lien of the appellee, Standard Brass and Manufacturing Company, was superior to the tax lien of the appellant, United States of America. The fifth point complains of the allowance of interest.

■■ We think it is well settled in the jurisprudence of this state that a lien created by the levy of an attachment upon personal property creates a lien from the date of the levy, and that the service of a writ of garnishment creates a lien on property subject to such writ of garnishment from the date of the service of the writ. It has been so held in the face of contentions that such liens created by writs of attachment and writs of garnishment do not become fixed until the date of the judgment which follows service of such writs. See: United States v. Yates, Tex.Civ.App., 204 S.W.2d 399 and cases cited therein; Sunnyland Wholesale Furniture Co. v. Liverpool & London & Globe Ins. Co., D.C., 107 F.Supp. 405, by the District Court of the United States for the Northern District of Texas, affirmed by the United States Court of Appeals for the 5th Circuit in United States v. Liverpool & London & Globe Ins. Co., 209 F.2d 684. It therefore follows that the garnishment lien in the instant case was superior to the tax lien of the appellant unless the tax lien was fixed in point of time on the specific property of Montagne before the date of service of the writ of garnishment.

■ The facts in the instant case before us differ from the facts in the case of United States v. Yates, supra, in one important respect. In the Yates case the attachment lien became fixed on a date prior to the date when the assessment list was received in the office of the Collector of Internal Revenue. In the instant case the garnishment lien became fixed after the assessment listing the taxes due the United States of America was received in the office of the Collector of Internal Revenue, but prior to the date when the United States filed its tax lien in the office of the County Clerk of Jefferson County. The question for decision here then is whether the garnishment lien under this state of facts has priority over the tax lien of the United States of America. We believe that the lien in favor of the United States on all property of the delinquent tax payer created under the provisions of Section 3670 of the Internal Revenue Code, 26 U.S.C., 1946 Edition, which arose on the date when the assessment list was received in the office of the Collector of Internal Revenue, was perfected against all property of the tax payer except as to that which was subject to judgment liens and mortgages prior in point of time. It was therefore superior to the garnishment lien of the appellee. This holding is made on the authority of the recent case of United States v. City of New Britain, Conn., 347 U.S. 81, 74 S.Ct. 367, by the Supreme Court of the United States, decided Feb. 1, 1954. This decision was not before us at the time the original opinion was filed by us here, but was presented in the appellants' supplementary motion for rehearing. Under that decision, the lien which is prior in time has the prior claim.

■ By its fifth point, appellant contends that in the judgment below it should have been awarded interest upon its tax claim from the date when demand for payment was made upon the tax payer, May 8, 1951. Section 294, of the United States Internal Revenue Code so provides, and the judgment should have been rendered for the interest as contended by appellant.

It follows that that portion of the trial court's judgment which declared the lien of the appellant, United States of America, to be in all things subordinate, inferior and secondary to the lien of the appellee, Standard Brass and Manufacturing Company, must be and it is hereby reversed. Judgment is rendered that such lien of the appellant, United States of America, is superior to the lien of the appellee, Standard Brass and Manufacturing Company. Judgment is here rendered that the amount of the appellant's judgment herein, including interest and costs, shall be first paid to the appellant out of the money paid into the clerk of the District Court of Jefferson County by the garnishee, Jefferson Chemical Company, Inc., and the balance remaining of such money paid to the said clerk shall be applied upon the judgment of the Standard Brass and Manufacturing Company against J. E. Montagne, d/b/a Union Insulating Company, by payment thereof to said Standard Brass and Manufacturing Company.

The amount of the judgment in favor of the appellant against the said J. E. Montagne is reformed so as to award appellant in such judgment the sum of $1,892.21, with interest at 6 percent per annum thereon from May 8, 1951, until paid, and as reformed such portion of the judgment is affirmed.

All the remaining portions of the judgment are affirmed.

Affirmed in part, reversed and rendered in part, reformed and affirmed in part.